

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1424-12

---

**THE STATE OF TEXAS**

**V.**

**DANIEL ZALMAN, Appellee**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
WHARTON COUNTY**

---

*Womack, J. delivered the opinion of the Court in which Keller, P.J., and Price, Keasler, Hervey, Alcala, and Cochran JJ., joined.. Johnson, J. concurred. Meyers, J, not participating..*

This case involves the test in *State v. Herndon*[1] for reviewing granted motions for new trial. A trial court generally does not abuse its discretion if the defendant (1) sets forth a *specific* and valid legal ground for relief in their motion, (2) points to evidence in the record (or sets forth evidence) that substantiates the *same* legal claim, and (3) shows prejudice under the

---

[1] 215 S.W.3d 901 (Tex. Cr. App. 2007).

harmless-error standards of the Rules of Appellate Procedure. In this case, the appellee did not present evidence of the same claim that was raised in his motion, and the State properly objected. Consequently, we hold that the trial court abused its discretion in granting the appellee's motion and that the Court of Appeals erred in affirming.

**I**

The appellee was convicted of driving while intoxicated, and he timely filed a motion for new trial. The motion stated, in relevant part, that the appellee was requesting a new trial, in the interest of justice, because the verdict was contrary to the law and the evidence.

The judge recused himself because the appellee had donated to his campaign, and a visiting judge was appointed to hear the motion. While the appellee's counsel was in the visiting judge's home courtroom and while no representative of the State was present, the judge requested that both parties file memoranda of law on the motion. No one informed the State of the judge's request.

The day before the hearing (71 days after his sentence had been imposed), the appellee filed a "memorandum of law" in support of his motion. This memorandum alleged that the appellee was entitled to a new trial "in the interest of justice" because of evidentiary issues that had been raised prior to and during the appellee's trial but that had not been specifically mentioned in the original motion.[2]

During the hearing, the State strenuously objected to the appellee's memorandum of law

---

[2] The memorandum argued that some evidence should have been suppressed because the police did not have reasonable suspicion to make a traffic stop, the warrant for a blood draw was improper as it was not signed by a licensed attorney, the warrant affidavit was flawed because it did not contain a date or a time, the circumstances of the blood draw were unsanitary, and the appellee's blood was impermissibly drawn twice rather than just once.

on the grounds that it was an untimely amendment to the appellee's motion for new trial and alleged new grounds. The State further argued that the original motion, standing alone, was not sufficient to put the State on notice that pretrial matters would be argued. Counsel for the appellee responded that one of the grounds in the original motion (that the verdict was contrary to the law and the evidence) was a sufficient pleading because it encompassed the evidentiary issues. Counsel said that the memorandum was not an amendment to the motion but merely a more detailed argument as requested by the judge.

The judge offered to reset the hearing so that the State could respond. The State refused, arguing that the appellee's claims were untimely and that the trial court had no authority to override the statutory time frame.

The judge overruled the State's objections and allowed the hearing to proceed. The appellee argued only that the verdict was "contrary to the law and the evidence" because of the suppression issues. At the end of the hearing, the trial court granted a new trial; stating:

> All right, gentlemen. I do not have before me the search warrant or any of the evidentiary matters or seen a DVD [sic]. In fact, the first time I saw the transcripts was when I walked in the courtroom a moment ago.
> However, listening to what I'm hearing – and both of you have done an outstanding job – in the interest of justice, I will order a new trial in this case and let these matters be sorted out by a different judge at a different time.

On direct appeal, a divided panel of the Thirteenth Court of Appeals upheld the order for a new trial.[3] The majority "assumed without deciding" that the memorandum was an untimely amendment. Nonetheless, the Court held that the trial court did not abuse its discretion in granting the motion because the appellee 1) stated a valid legal claim in his motion (that the

---

[3] *State v. Zalman,* No. 13-11-00115-CR, 2012 LEXIS 7455 (Tex. App. — Corpus Christi Aug. 31, 2012).

verdict was contrary to the law and evidence), 2) pointed to evidence in the record to substantiate his claim (parts of the record allegedly showing that evidence should have been suppressed), and 3) showed that his substantial rights were prejudiced.

We granted the State's Petition for Discretionary Review to determine whether the trial court abused its discretion by granting the motion for new trial on evidentiary issues when the only ground pled within the thirty-day limit was that the verdict was against the law and evidence.[4]

**II**

Rule 21 of the Texas Rules of Appellate Procedure governs motions for new trial. The defendant must file a motion "no later than thirty days after the date when the trial court imposes or suspends sentence in open court."[5] Such a motion is a prerequisite for the trial court to grant a new trial; the court may not do so on its own motion.[6] A defendant's motion may be amended without leave any time within the thirty-day limit so long as the trial court has not already ruled on the motion.[7] We have interpreted this statute as barring amendments outside of the thirty-day

---

[4] The State raises three grounds for review all of which challenge the new-trial order:

1. Did the trial court and the Court of Appeals improperly consider untimely amendments to the motion for new trial?

2. Did the trial court and the Court of Appeals improperly permit a new trial on the ground of legal insufficiency of the evidence when the only arguments at the hearing involved the admission, rather than the sufficiency, of the evidence?

3. Does a visiting judge abuse her discretion by granting a new trial without first familiarizing herself with the facts, evidence, and proceedings of the trial?

Because issues one and two are dispositive, we do not reach the State's third issue.

[5] TEX. R. APP. P. 21.4(a).

[6] *State v. Aguilera*, 165 S.W.3d 695, 699 (Tex. Cr. App. 2005).

[7] TEX. R. APP. P. 21.4(b).

time limit, even with leave of the court, so long as the State properly objects.[8]

A trial judge's decision to grant a motion for new trial is reviewed only for an abuse of discretion.[9] That discretion, however, is not unbounded or unfettered. A judge may grant or deny a motion for new trial "in the interest of justice," but justice means in accordance with the law.[10] A judge may not grant a new trial on mere sympathy, an inarticulate hunch, or simply because he believes the defendant received a raw deal or is innocent.[11]

As we stated in *Herndon*, there is generally no abuse of discretion if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the harmless error standards of the Texas Rules of Appellate Procedure.[12]

We have repeatedly held that

> [a]n essential element of [a motion for new trial] is that the matter of error relied upon for a new trial must be specifically set forth therein. The wisdom of that rule lies in the fact that reasonable notice should be given not only to the trial court but the State, as well, as to the misconduct relied upon and to prevent a purely fishing expedition on the part of the accused.[13]

---

[8] *State v. Moore*, 225 S.W.3d 556, 570 (Tex. Cr. App. 2007).

[9] *Herndon*, 215 S.W.3d, at 907.

[10] *Ibid.*

[11] *Ibid.*

[12] *Id.,* at 909.

[13] *State v. Gonzalez,* 855 S.W.2d 692, 694 (Tex. Cr. App 1993)*; Harvey v. State*, 150 Tex. Crim. 332, 336, 201 S.W.2d 42, 45 (Tex. Cr. App. 1947).

The purpose of this requirement is to allow the court enough notice to prepare for the hearing and make informed rulings and to allow the State enough information to prepare a rebutting argument.[14]

## III

In this case, the appellee argued that he was entitled to a new trial "in the interest of justice" because the verdict was "contrary to the law and the evidence."[15] The Court of Appeals improperly applied the *Herndon* test to hold that the trial court did not abuse its discretion in granting the appellee's motion.

We begin by examining the first prong of the *Herndon* test: that the defendant state a valid legal claim. He has done this. In *Bogan v. State* we held that allegations that a verdict was against the law and the evidence raised a sufficiency challenge and *only* a sufficiency challenge.[16] Consequently the appellee's timely filed motion raised the valid legal claim of insufficient evidence to support the verdict, but it did not raise any other claim.

The appellee and the Court of Appeals interpreted this allegation more broadly, to encompass the evidentiary issues that were argued in the hearing. By their reading, if there were legal errors committed before or during the trial (in this case, improperly admitted evidence), the

---

[14] *See also Trout v. State,* 702 S.W.2d 618, 620 (Tex. Cr. App. 1985) (holding that the ground must be mentioned in the motion; it is not sufficient notice to merely supply supporting affidavits).

[15] The motion also included challenges to the charging instrument and general, vague allegations. Neither party argued those issues at trial, to the court of appeals, or in their briefs.

[16] 78 Tex. Crim. 86, 86, 180 S.W. 247, 248 (1915). S*ee e.g. Gonzales v. State,* 689 S.W.2d 900 (Tex. Cr. App. 1985); *Degay v. State,* 923 S.W.2d 847, 854 (Tex. App. — Beaumont 1996, pet. ref'd); *State v. Davenport*, 866 S.W.2d 767, 770 (Tex. App. – San Antonio 1993, no pet.); *State v. Charlton*, 847 S.W.2d 443, 444 (Tex. App. — Houston [1st Dist.] 1993, no pet.).

verdict was "against the law." This disregards the purpose of the pleading requirement, which is to give notice. The motion must contain enough detail to give the other party notice of what is being complained of so that it can properly prepare for the hearing. The appellee provided timely notice of only a sufficiency of the evidence claim, and not of errors in the admission of evidence.

Next, because the appellee articulated a valid legal claim, we must look to the second step of *Herndon:* did he supply or point to evidence in the trial record that substantiated his legal claim?

During the hearing, the appellee pointed to portions of the record that he claimed showed that evidence was improperly admitted. He did not, at any point, advance a claim that the evidence that was admitted was insufficient to sustain a guilty verdict.[17] Although *Herndon* does not explicitly say that the evidence presented at the trial must support the same claim that was pled, to hold otherwise would defeat the notice requirements of the motion.

Further, we have explicitly held that it is error for the trial court to rule on an untimely amendment over a proper objection.[18] Here, the supported claims were raised in a "memorandum" well outside the thirty-day limit and not contained within the timely motion. Consequently, it was an abuse of discretion for the trial court to grant the appellee's motion on such grounds over the State's objection.

---

[17] *See Green v. State*, 893 S.W.2d 536, 538 (Tex. Cr. App. 1995) ("When evidentiary sufficiency is challenged ... the reviewing court must consider *all* evidence presented at trial, including evidence that was improperly admitted.").

[18] *Moore,* 225 S.W.3d, at 570.

We wish to state clearly that the appellee in this case did not waive the evidentiary issues for direct appeal.[19] But, because he did not comply with *Herndon* or Rule 21 and the State properly objected, he is not entitled to relief through his motion for new trial.

### IV

It was error for the trial court to grant the appellee's motion for new trial over the State's objection when the appellee argued only unpled (or untimely pled) grounds at the hearing. Likewise, it was error for the Court of Appeals to sustain the trial court's order. Accordingly, we reverse.

Delivered: June 5, 2013.
Publish.

---

[19] *See* TEX. R. APP. P. 21.2 ("A motion for new trial is a prerequisite to presenting a point of error on appeal *only* when necessary to adduce facts not in the record").