**Vacate and Reinstate and Remand and Opinion Filed February 26, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00314-CR

### THE STATE OF TEXAS, Appellant
### V.
### STUART SPIGEL, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-86404-2011**

## OPINION

Before Justices FitzGerald, Lang, and Lewis
Opinion by Justice FitzGerald

A jury convicted appellee of driving while intoxicated and the trial court granted his motion for new trial before sentencing. In three issues on appeal, the State argues the trial court erred in granting a new trial on a ground not raised in appellee's motion, because the blood draw was not unreasonable and because the confrontation clause was not implicated. We vacate the trial court's order granting a new trial, reinstate the trial court's judgment of conviction, and remand to the trial court for sentencing.

### *The Motion for New Trial*

Immediately after the jury verdict, appellee presented the court with a handwritten motion for new trial asserting that the verdict was contrary to the law and the evidence. The trial

court granted the motion without allowing oral argument.[1] Subsequently, the court adopted appellee's proposed findings of fact and conclusions of law. The trial court found that the admission of testimony about the blood test performed on appellee violated the Fourth Amendment and the Confrontation Clause of the Sixth Amendment and required a new trial in the interest of justice.

In its first issue, the State argues the trial court erred in granting a new trial on grounds that were not presented in the motion or argued to the court. We review the trial court's ruling on a motion for new trial on an abuse of discretion standard. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). That discretion, however, is not unbounded or unfettered. A judge may grant or deny a motion for new trial "in the interest of justice," but justice means in accordance with the law. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). A judge may not grant a new trial on mere sympathy, an inarticulate hunch, or simply because he believes the defendant received a raw deal or is innocent. *Id.*

A defendant seeking a new trial must demonstrate that he is entitled to a new trial under the law. *Id.* To do so, the defendant must (1) articulate a valid legal claim in his motion for new trial, (2) produce evidence or point to evidence in the record that substantiates that legal claim, and (3) show prejudice to his substantial rights as a result of the error. *Id.* at 909.

Applying these principles here, we first inquire as to whether appellee stated a valid legal claim. He has done so. In asserting that the verdict was against the law and the evidence, appellee raised a sufficiency challenge, and only a sufficiency challenge. *State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013); *see also State v. Charlton*, 847 S.W.2d 443, 444 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

---

[1] In its motion for reconsideration, the State objected to the trial court "granting a new trial on any ground not raised in Defendant's written motion."

Because appellee articulated a valid legal claim, we next consider whether he substantiated his legal claim. Appellee relied solely on the written motion; therefore he did not substantiate his claim that the evidence was insufficient to support a guilty verdict.

*Sufficiency of the Evidence*

In addition, the record reflects that the granting of the motion for new trial was not justified based on the sole issue appellee raised in his motion — sufficiency of the evidence. The record reflects that at around 1:00 in the morning on July 24, 2011, Officer Jason Moses of the Plano Police Department saw a car parked behind a closed car wash. He put a spotlight on the car and approached it. Although he was unable to see anyone initially, after a moment the driver (later identified as appellee) appeared in the window and looked at him. Officer Moses yelled at him to stop, but appellee pulled away quickly. The car left the car wash and pulled into the road, driving northbound in the southbound lane for a few feet before jumping the median. The car was badly damaged by jumping the median and came to a stop after approximately 100 yards.

Because appellee ran when the officer first approached him, the traffic stop had escalated from "a normal traffic stop." Therefore, after the vehicle came to a stop, the officer instructed appellee to get out of the vehicle. When the officer asked appellee what he was doing, appellee replied that the officer had scared him with the light. The officer further inquired as to why appellee didn't stop when he realized it was a police officer, and appellee relied that he didn't know.

Appellee exited the driver's side of the vehicle slowly, swayed when he walked, and was disoriented. He had bloodshot, glassy eyes. Appellee told the officer that when the spotlight hit him he took off because he didn't know where he was. Because Officer Moses could smell alcohol on appellee's breath, he asked appellee several times if he had been drinking. Appellee continuously denied that he had been drinking. The Officer was placing appellee into a position

where he could administer standardized field sobriety tests when appellee told him that if he planned to administer tests, he wanted his lawyer. The officer gave appellee numerous opportunities to take the tests thereafter, but appellee continued to refuse. Appellee was placed under arrest and transported to the police station.

Once at the police station, appellee was placed in the intoxilyzer room and read the statutory warning about the consequences of refusing a breath sample. Appellee refused to give a sample, so the officer obtained a search warrant for appellee's blood. Appellee was transported to Medical City Hospital in Plano to have his blood drawn.

The blood draw was performed by a nurse at the hospital, Eric Clemencich. Officer Moses knew that Clemencich was one of the regular personnel who drew blood for the police and was qualified to draw blood. Officer Moses observed the entire blood draw and took the sample into custody afterward.

Chris Youngkin, a forensic scientist with the DPS Crime Lab in Garland, tested appellee's blood and determined his blood alcohol concentration was 0.13. Youngkin testified that based on a standard elimination rate for a person matching appellee's characteristics, he would have had to drink approximately ten standard drinks to reach that alcohol concentration.

To prove that a person is guilty of driving while intoxicated, the State must prove that the defendant was intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012). "Intoxicated" means not having the normal use of one's mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body or having an alcohol concentration of 0.08 or more. *Id.* § 49.01(2)(A), (B) (West 2011). Circumstances raising an inference of intoxication when driving include "erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words,

inability to perform field sobriety tests or follow directions, bloodshot eyes, [and] any admissions by the defendant concerning what, when, and how much he had been drinking[.]" *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010).

Several of the above indicia were present in the instant case. Officer Moses formed a belief that appellee was intoxicated because of his erratic driving, the fact that he swayed when he walked, had slurred speech, glassy, red eyes, and a strong odor of alcohol on his breath. The blood test administered to appellee showed a blood alcohol concentration in excess of the legal limit. From this evidence, the jury could reasonably conclude that appellee was guilty of driving while intoxicated. Therefore, the evidence is sufficient to support the verdict, and a new trial was not justified on the sole basis raised in appellee's motion. It is error to grant a motion for new trial on grounds that are not presented to the court in a timely fashion. *See Zalman,* 400 S.W.3d at 594. Because appellee's motion for new trial was premised entirely on the sufficiency of the evidence, the trial court abused its discretion in granting the motion. The State's first issue is sustained.

Our resolution of the State's first issue obviates the need to consider the State's remaining issues. *See* TEX. R. APP. P. 47.1. We vacate the trial court's order granting a new trial, reinstate the judgment of conviction, and remand to the trial court for sentencing.

Do Not Publish
TEX. R. APP. P. 47
130314F.U05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-00314-CR        V.

STUART SPIGEL, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-86404-2011.
Opinion delivered by Justice FitzGerald.
Justices Lang and Lewis participating.

Based on the Court's opinion of this date, the trial court's order granting a new trial is **VACATED,** the judgment of conviction is **REINSTATED,** and the cause **REMANDED** for sentencing.

Judgment entered this 26th day of February, 2014.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE