ACCEPTED
12-14-00182-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/31/2014 4:06:08 PM
CATHY LUSK
CLERK

CAUSE NO. 12-14-00182-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/31/2014 4:06:08 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
FOR THE TWELFTH JUDICIAL DISTRICT
AT TYLER, TEXAS

STEPHEN ALBRO JR.,
Appellant

V.

STATE OF TEXAS,
Appellee

ON APPEAL FROM CAUSE NO. 2013-0614
IN THE 217th JUDICIAL DISTRICT COURT OF
ANGELINA COUNTY, TEXAS

**APPELLEE'S BRIEF**

APRIL AYERS-PEREZ
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975

**ORAL ARGUMENT NOT REQUESTED**

## Identity of Parties and Counsel

John Reeves
Counsel for Stephen Albro, Jr. (trial)
1007 Grant Street
Lufkin, Texas 75901

Albert J. Charanza
Counsel for Stephen Albro, Jr.
(appeal)
P.O. Box 1825
Lufkin, Texas 75902

Stephen Albro, Jr., TDCJ# 01940265
Appellant
Goodman Unit
349 Private Road 8430
Jasper, Texas 75951

Layne Thompson
Attorney for the State (trial)
Angelina County District Attorney's
   Office
P.O. Box 908
Lufkin, Texas 75902

April Ayers-Perez
Attorney for the State (appeal)
Angelina County District Attorney's
   Office
P.O. Box 908
Lufkin, Texas 75902

# Table of Contents

Identity of Parties and Counsel..............................................................................ii

Table of Contents....................................................................................................iii

Index of Authorities.................................................................................................v

Statement Regarding Oral Argument......................................................................vi

Issues Presented......................................................................................................vi

    Reply Issue #1: Appellant's trial counsel was not ineffective, and even
        if he was, there was no harm to Appellant............................................vi

    Reply Issue #2: Review of trial court's denial of Appellant's Motion
        for New Trial is unnecessary.................................................................vi

Statement of Facts....................................................................................................1

Summary of the Argument........................................................................................1

Argument..................................................................................................................3

    Reply Issue #1: Trial counsel's conduct did not fall below
        professional standards, and even if they did, there was no harm
        to the Appellant....................................................................................3

        *Standard of review*.............................................................................3

        *Applicable law for presentence investigation reports*........................4

        *Trial counsel's performance did not fall below an objectively
        reasonable standard*............................................................................4

    Reply Issue #2 – Review of trial court's denial of Appellant's Motion
    for New Trial is unnecessary..................................................................8

        *Standard of review*.............................................................................8

*No need for this Court review the new trial denial*............................9

Prayer .....................................................................................................9

Certificate of Compliance ....................................................................10

Certificate of Service ...........................................................................10

iv

# Index of Authorities

**Cases**                                                              Page

*Ex Parte Flores*, 387 S.W.3d 626 (Tex. Crim. App. 2012)........................................4

*Jackson v. State*, 973 S.W.2d 954 (Tex. Crim. App. 1998)........................................5

*McFarland v. State*, 928 S.W.2d 482 (Tex. Crim. App. 1996) ...................................5

*Okonkwo v. State*, 398 S.W.3d 689 (Tex. Crim. App. 2013) ....................................10

*State v. Zalman*, 400 S.W.3d 590 (Tex. Crim. App. 2013) .......................................10

*Strickland v. Washington*, 466 U.S. 668 (1984) .......................................................4, 5

*Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999) ..........................5

**Rules**

Tex. R. App. P. 39.1...................................................................................................2

**Statutes**

Tex. Code. Crim. Proc. art. 42.12 § 9(d) ..................................................................5

U.S. CONST. amend. VI ..............................................................................................4

## Statement Regarding Oral Argument

Pursuant to Tex. R. App. P. 39.1, the State feels oral argument is unnecessary, as the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

## Issues Presented

**Reply Issue #1**– Appellant's trial counsel was not ineffective, and even if he was, there was no harm to Appellant.

**Reply Issue #2**– Review of trial court's denial of Appellant's Motion for New Trial is unnecessary.

## Statement of Facts

Appellee finds the facts laid out in Appellant's brief to be an accurate statement of the record.

## Summary of the Argument

Trial counsel's performance did not fall below an objectively reasonable standard. According to trial counsel for Albro, counsel for State, and Albro himself probation was not offered to Albro at any time. All that was offered to Albro in exchange for his offer to testify against his co-defendants was an agreement that this State would acknowledge Albro's actions in confessing. The State did so by offering Albro ten (10) years confinement in the Texas Department of Criminal Justice – Institutional Division. Albro had an enhancement based on a prior juvenile conviction for murder that enhanced the sentence range from 2-20 years up to 5-99 years. Albro was admonished on the potential sentence of 2-20 years at the time of his guilty plea, however trial counsel acknowledged that both he and Albro were aware of the enhancement prior to the plea, and the Court acknowledged the enhancement prior to the sentencing. The enhancement, however, is a moot point because Albro was sentenced to twenty (20) years confinement in the Texas Department of Criminal Justice – Institutional Division which is within the range of punishment that Albro was admonished on during his plea. Trial counsel adequately prepared Albro for his sentencing and meticulously

1

prepared letters of support for the presentence investigation report and witnesses for the actual sentencing.

Lastly, there is no need to review the trial court's denial of a motion for new trial, as it is reviewed under a more deferential than the *Strickland* argument already raised. If this Court finds that trial counsel was effective, the trial court did not abuse its discretion *per se* in finding trial counsel same. If this Court finds that trial counsel was ineffective, the case will be remanded, rendering the trial court's denial of a new trial moot.

**Argument**

**Reply Issue #1: Trial counsel's conduct did not fall below professional standards, and even if they did, there was no harm to Appellant.**

*Standard of review*

A criminal defendant is guaranteed the right to representation throughout the trial process.[1] The Sixth Amendment right to counsel "preserves the fairness, consistency, and reliability of criminal proceedings by ensuring the process is an adversarial one."[2] An appellant can establish a claim of ineffective assistance of counsel by proving, by a preponderance of the evidence, that (1) counsel's performance fell "below an objective standard of reasonableness" and (2) that the deficient performance actually prejudiced the defendant.[3]

Ineffective assistance of counsel is a serious claim, and the reviewing court will rarely have a record on direct appeal capable of providing enough information to provide a fair evaluation.[4] Because of the seriousness of the claim, "any allegation of ineffectiveness must be firmly founded in the record, and the record must demonstrate the alleged ineffectiveness."[5]

---

[1] U.S. CONST. amend. VI; Tex. Const. art. I, § 10.

[2] *Ex Parte Flores*, 387 S.W.3d 626, 633 (Tex. Crim. App. 2012).

[3] *Strickland v. Washington*, 466 U.S. 668, 668 (1984).

[4] *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).

[5] *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

Scrutiny of counsel's performance is highly deferential and there is a presumption that the conduct falls within the wide range of reasonable professional assistance.[6] Where the alleged ineffective assistance is an omission, rather than a commission of an act, the thorough and detailed examination by a collateral attack of a writ of habeas corpus is preferred.[7]

*Applicable law for presentence investigation reports*

Unless waived by the defendant, at least 48 hours before sentencing a defendant, the judge shall permit the defendant or his counsel to read the presentence report.[8]

*Trial counsel's performance did not fall below*
*an objectively reasonable standard*

Appellant's arguments are trial counsel's performance was deficient in that (1) Albro was offered probation before he waived his right to a jury trial and consented to plead guilty without a recommendation to a second degree felony based on his offer to testify against his co-defendants, (2) Albro was not aware of the enhancement paragraph at the time he pled guilty because his attorney did not advise him of the enhancement, (3) trial counsel did not object at the sentencing hearing to the enhancement of punishment considered by the court at sentencing,

---

[6]      *Strickland*, 466 U.S. at 688.

[7]      *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

[8]      Tex. Code. Crim. Proc. art. 42.12 § 9(d) (emphasis added).

4

and (4) trial counsel did not review the PSI with Albro prior to sentencing or adequately prepare Albro for sentencing, trial counsel did not communicate with Albro or meet with him in order for him to make a free, voluntary and informed decision whether to waive his right to a jury trial and plead guilty.[9]

Albro was never offered probation by the State at any time. Trial counsel has asserted that there was never an agreement for probation, much less in exchange for a waiver of a jury trial.[10] Additionally, the prosecutor for the state also asserts that there was never an agreement for probation.[11] In a letter dated February 18, 2014, over four months prior to the July 01, 2014 sentencing, Albro wrote to trial counsel that he was upset to learn that he was not eligible for probation.[12] The appellant, the appellant's trial counsel, and counsel for state all acknowledge that the appellant was not eligible for probation and would not be receiving probation. There was no agreement for probation for trial counsel to inform the court of and no agreement for probation for trial counsel to require the State to follow through on.

---

[9]      Appellant's Brief at 17.

[10]      Supp. I R.R. at 35 ("Q.      Mr. Reeves, the defendant claims that he was offered probation before he waived his right to jury trial. Is that true? A. No it is not. Mr. Thompson made that clear from my first conversation sometime after December 30th of 2013.")

[11]      Supp. I R.R. at 42 ("I repeatedly made it clear to Mr. Reeves that I could not offer probation, given the murder conviction Mr. Albro had as a juvenile.")

[12]      *See* Defendant's Exhibit 1, I R.R.

Trial counsel advised Albro of the enhancement based on his prior murder conviction as a juvenile prior to the plea. Trial counsel received notice from the State on April 29, 2014 that Albro's juvenile conviction was going to be used as a sentencing enhancement.[13] Albro was admonished at his plea on May 13, 2014 that he faced 2-20 years confinement in the Texas Department of Criminal Justice – Institutional Division.[14] During the sentencing of Albro on July 01, 2014 the State referred to the notice given to trial counsel on April 28, 2014 about the enhancement for Albro's juvenile conviction.[15] During this sentencing the Court questioned trial counsel about the enhancement and trial counsel acknowledged that the notice was prior to the date Albro pled, Albro was aware of the enhancement, and that this was not a surprise.[16] The enhancement and any objections to it, however, are a moot point because Albro was sentenced to 20 years confinement in the Texas Department of Criminal Justice – Institutional

---

[13] Supp. I R.R. at 37 ("Well, I received that notice [enhancement] by fax on 4-29-2014, I believe, according to my records, and it wasn't a surprise. It was talked about from the very beginning of the case.")

[14] II R.R. at 5-6.

[15] III R.R. at 5 ("We had given notice of enhancement per a pleading, which is filed in the Court, enhancing the offense with the murder conviction as a juvenile in 2006; and we're offering as State's Exhibit 1 the order of commitment committing him to 30 years determinant sentence for murder in 2006.")

[16] *Id*. at 5-7.

Division which is within the range of punishment that Albro was admonished about at the time of his plea of guilty.

The contents of the presentence investigation report were reviewed with Albro prior to the sentencing and trial counsel adequately prepared Albro for the sentencing. Trial counsel testified at the Motion for New Trial, "I had several telephone conversations with Mr. Albro from the jail to my office; I had meetings with his mother, which were more than three, lasting up to two hours or more. And I had at least four or five meetings with him here at the courthouse, and those would last up to 45 minutes at various times."[17] In addition to the meetings with Albro trial counsel spent considerable time preparing documents for the presentence investigation report including letters from family, church, academic achievements, and various character witnesses on Albro's behalf.[18] After gathering witnesses and documents for Albro trial counsel then proceeded to spend 30 to 45 minutes reviewing the presentence investigation report in preparation for the sentencing.[19] Throughout all of this preparation, trial counsel was not ineffective and there was no actual harm done to Albro.

---

[17] Supp. I R.R. at 15.

[18] *Id*. at 25-27.

[19] *Id*. at 27.

**Reply Issue #2 – Review of trial court's denial of Appellant's Motion for New Trial is unnecessary.**

*Standard of review*

A trial judge's decision to grant a motion for new trial is reviewed only for an abuse of discretion.[20] A judge may grant or deny a motion for new trial "in the interest of justice," but justice means in accordance with the law.[21] A judge may not grant a new trial on mere sympathy, an inarticulate hunch, or simply because he believes the defendant received a raw deal or is innocent.[22]

An appellate court may reverse the trial court's ruling only if the ruling was clearly erroneous or arbitrary.[23] A court of appeals should examine the totality of the record in a  light most favorable to the trial court's ruling to assess whether counsel, under an objective standard, rendered ineffective assistance.[24]

---

[20]     *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013).

[21]     *Id.*

[22]     *Id.*

[23]     *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013).

[24]     *Id.*

*No need for this Court review the new trial denial*

The standard of review for denying a new trial is a much more deferential standard than the ineffective assistance claim, discussed *supra*. Should this Court find that trial counsel did not violate *Strickland*, then in a light most favorable to the trial court's ruling upon examination of the entire record, it must not have abused its discretion in finding same.

Likewise, if this Court finds that trial counsel *did* violate *Strickland*, then it must remand the case, rendering the denial of a new trial moot.

Since the issue of ineffective assistance of counsel is dispositive of this appeal, this Court not need reach the issue of the denial of Appellant's motion for new trial.

## Prayer

WHEREFORE, The State of Texas, respectfully prays that this Court of Appeals dismiss this prohibited appeal without further action. Absent a dismissal, The State of Texas prays that this Court of Appeals affirm the judgment of the trial court.

Respectfully Submitted,


/s/ April Ayers-Perez

APRIL AYERS-PEREZ
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
ATTORNEY FOR THE
STATE OF TEXAS

## Certificate of Compliance

I certify that this document contains 1,816 words, counting all parts of the document except those excluded by Tex. R. App. P. 9.4(i)(1). The body text is in 14 point font, and the footnote text is in 12 point font.


_/s/ April Ayers-Perez_____
APRIL AYERS-PEREZ

## Certificate of Service

I certify that on December 31, 2014, a true and correct copy of the above document has been served electronically to Al Charanza, Counsel for Stephen Albro, Jr on appeal, at P.O. Box 1825, Lufkin, Texas 75902.


__/s/ April Ayers-Perez_____
APRIL AYERS-PEREZ