

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00340-CR

ALLYN SHANE DOYLE A/K/A SHANE DOYLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Dallam County, Texas
Trial Court No. 4361, Honorable Ron Enns, Presiding

October 15, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal from a bench trial in which appellant Allyn Shane Doyle was convicted of aggravated assault with a deadly weapon against a family member[1] and assessed punishment of 25 years in prison. Through one issue, appellant argues the trial court erred by denying his motion for new trial. We will affirm the judgment of the trial court.

---

[1] TEX. PENAL CODE ANN. § 22.02; TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2013); TEX. FAM. CODE ANN. § 71.003 (West 2013).

Background

Evidence at trial showed that after an argument appellant accelerated his pickup truck in reverse toward his father, tires spinning, and "rammed [his father] up in a pile of junk." His father jumped into the open bed of the truck but fell out in the street after appellant quickly accelerated forward.

After the court found appellant guilty, the State announced it would be calling two of appellant's ex-girlfriends to testify during the punishment phase. Appellant and his counsel informed the court appellant did not want to be in the courtroom during the punishment phase. The court confirmed on the record appellant's wish to be absent from the courtroom during the testimony of "all of" the punishment witnesses.[2] Appellant was escorted from the courtroom during testimony but was present when the court announced his punishment.

One week after trial, appellant filed a motion for new trial, citing as grounds the "verdict in this cause is contrary to the law and the evidence." A little over a month later, appellant filed a supplement to that motion with appellant's father's affidavit and appellant's affidavit appended. Appellant's father appeared to complain of some prosecutorial misconduct. Appellant's affidavit asserted his counsel misunderstood him at trial and while he did not want to be present during witness testimony, he did want to testify at his punishment hearing. Appellant said he expressed this wish to counsel

_____

[2] The court questioned appellant about his choice. Appellant said he did not want to be present because, among other reasons, the prosecutor had accused him of glaring at his ex-girlfriends during the guilt-innocence phase of trial. He told the court he did not want the prosecutor to say he was "coercing a witness, threatening a witness" so he did not want to be present. The court cautioned appellant to visit further with his attorney and make certain of his decision. Appellant and his attorney conferred privately and returned, telling the court appellant did not wish to be present for any of the punishment testimony.

"[a]fter [his] trial was complete back at the jail . . . ." The State objected in writing to appellant's supplemental motion for new trial when it was filed with the trial court. The motions were overruled by operation of law.

Analysis

Through one appellate issue, appellant contends the trial court erred in denying his supplemental motion for new trial. The State argues appellant's supplemental motion for new trial was an amended motion and was untimely because it was filed 42 days after appellant's sentence was imposed. We agree.

The right to move for a new trial in a criminal case is purely statutory. *State v. Lewis,* 151 S.W.3d 213, 217 (Tex. App.—Tyler 2004, pet. ref'd) (*citing Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987)). Rule 21 of the Texas Rules of Appellate Procedure governs motions for new trial. TEX. R. APP. P. 21. The defendant must file a motion "no later than thirty days after the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a). A defendant's motion may be amended without leave any time within the thirty-day limit so long as the trial court has not already ruled on the motion. TEX. R. APP. P. 21.4(b). Amendments outside of the thirty-day time limit, even with leave of court, are barred so long as the State properly objects. *State v. Zalman,* 400 S.W.3d 590, 593 (Tex. Crim. App. 2013). The trial court has limited jurisdiction when exercising its particular authority to rule on motions for new trial. *Lewis,* 151 S.W.3d at 219. A late amended motion for new trial fails to vest the trial court with jurisdiction over the issues included in the amended motion. *Id.*

3

Here, appellant timely filed his original motion for new trial. But, his supplemental motion was filed outside the thirty-day time period and the State properly objected to the trial court's consideration of it. Also, the supplemental motion contained wholly new grounds and thus was an amendment, not a supplement, to the original motion. *Bailey v. State,* No. 12-06-00128-CR, 2007 Tex. App. LEXIS 3751, at *12 (Tex. App.—Tyler May 16, 2007, no pet.) (mem. op., not designated for publication). Therefore, we may not consider appellant's supplemental motion or the appended affidavits.[3] Only appellant's contention in his original motion for new trial is subject to our review. *See State v. Moore,* 225 S.W.3d 556, 570 (Tex. Crim. App. 2007) (finding if the State objects to an untimely amended motion for new trial, the trial court and appellate court should consider only the original motion and any timely amendment); *Senegal v. State,* No. 14-01-00079-CR, 2002 Tex. App. LEXIS 2318, at *3-4 (Tex. App.—Houston [14th Dist.] March 28, 2002, no pet.) (mem. op., not designated for publication) (similar finding).

A trial judge's decision to grant a motion for new trial is reviewed only for an abuse of discretion. *Zalman,* 400 S.W.3d at 593. We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.* Allegations that a verdict was against the law and the evidence raise "a sufficiency challenge and *only* a sufficiency challenge." *Zalman,* 400 S.W.3d at 594 (emphasis in original). The standard for

---

[3] Filing affidavits in support of a motion for new trial more than thirty days after sentencing is considered an untimely attempt to amend the motion. *Klapesky v. State,* 256 S.W.3d 442, 455 (Tex. App.—San Antonio 2008, pet. ref'd).

reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). The evidence is examined in the light most favorable to the verdict. *Id.*

Appellant was charged with the felony offense of aggravated assault with a deadly weapon against a family member. "Family" includes individuals related by consanguinity or affinity, including parents. TEX. FAM. CODE ANN. § 71.003 (West 2013). Section 22.02 of the penal code provides that a person commits aggravated assault if the person commits assault as defined in section 22.01 and the person either causes serious bodily injury to another or uses or exhibits a deadly weapon during the assault. TEX. PENAL CODE ANN. § 22.02(a). Section 22.01(a) provides a person commits assault if the person intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a). Assault by threat requires only fear of imminent bodily injury and does not require a finding of actual bodily injury. *Dolkart v. State*, 197 S.W.3d 887, 893 (Tex. App.—Dallas 2006, pet. ref'd). A culpable mental state is generally proved by circumstantial evidence. *Krause v. State*, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A jury may infer intent or knowledge from any facts which tend to prove its existence, including the acts, words, conduct of the accused, and the method of committing the crime. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).

To support its allegations against appellant, the State presented the testimony of four witnesses: appellant's father, a police officer, a witness to the incident, and the

5

chief dispatcher at Dalhart county jail.[4]  Appellant's father agreed his relationship with appellant was a "rocky relationship" and appellant had a "really bad temper." On the day of the incident, he agreed he and appellant had a "very loud argument" over some equipment and an unpaid debt appellant owed him.  Appellant "took off in his truck coming at me, you know, backwards and rammed me up in a pile of junk." Appellant's father jumped in the bed of the truck to avoid being crushed and when appellant accelerated forward, he rolled off the truck and into the street. He admitted he told police appellant tried to kill him and that he included that in his written statement. From this evidence, the trial court could have found appellant's father was a family member as defined in the Family Code, appellant used his truck in a manner that placed the father in fear of imminent bodily injury, and that appellant had the requisite culpable mental state at the time.

A responding police officer testified when he arrived at the scene, he asked the father what had happened.  He responded, "my son, Shane, just tried to run me over." The officer observed tire tracks that appeared to confirm the events.  He also agreed that a truck backing up into a person could be a deadly weapon because it is an instrument that can cause serious bodily injury.  The trial court could have found this evidence sufficient to show the father was placed in fear of imminent bodily injury when his son backed into him with a truck and the truck was used as a deadly weapon by the manner of its use.

---

[4] The Chief Dispatcher at Dalhart county jail testified to letters from appellant asking appellant's father not to prosecute and asking for his father to locate the witness and convince him not to testify in appellant's trial.

The testimony of a witness who saw the events provided additional proof of appellant's culpable mental state as well as proof that appellant used the truck as a deadly weapon to threaten the father with imminent bodily injury. The witness testified he heard the men arguing. As he watched, "[p]retty soon when the one guy run [sic] and jumped in the pickup, he throwed [sic] the pickup in gear and backed over this other man. The man fell over the pickup like that and backed him into a bunch of junk." The driver was "spinning the wheels of the truck." The man "finally fell off the truck about the middle of the street there." The witness went over to the man he saw fall to "see if he was still alive."

Viewing the evidence in the light most favorable to the verdict, the trial court could have found each of the essential elements of aggravated assault with a deadly weapon against a family member as charged in the indictment. Accordingly, the trial court did not abuse its discretion by allowing appellant's original motion for new trial to be overruled by operation of law.

We overrule appellant's sole issue and affirm the judgment of the trial court.


James T. Campbell
Justice

Do not publish.


7