

NUMBER 13-17-00059-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

DOUGLAS CARRANZA,                                                    Appellee.

On appeal from the County Court at Law No. 1 of
Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Longoria and Hinojosa
### Memorandum Opinion by Justice Longoria

Douglas Carranza filed his motion for rehearing on November 2, 2017. We deny the motion, withdraw our prior opinion and judgment issued on October 19, 2017, and substitute this opinion and judgment in its place.

By one issue, appellant the State of Texas argues that the trial court abused its discretion by granting appellee Carranza's motion for new trial. We reverse and remand.

## I. BACKGROUND

Carranza was charged with family violence assault against Marissa Ortiz. *See* TEX. PENAL CODE ANN. § 22.01 (West, Westlaw through Chapter 49, 2017 R.S.). After cross-examining Ortiz at trial, Carranza's attorney asked that she be kept as a recall witness; she was retained as such for the remainder of the trial.

On the second day of trial, Carranza's attorney received missing pages of a report that revealed that Ortiz was cited for disorderly conduct, specifically "fighting," when she was fourteen years old. Carranza's attorney tried to introduce evidence of the disorderly conduct during trial, but the trial court sustained the State's objection that it should not be admitted because it constituted evidence of a crime that occurred more than ten years ago and was not a crime of moral turpitude. Carranza was found guilty and was sentenced to sixty days in jail, suspended for a period of twelve months.

Carranza filed a motion for new trial, alleging that the State committed a *Brady* violation by not disclosing the missing pages of the report sooner. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). At the hearing on motion for new trial, Carranza's attorney alleged that he was prejudiced by the State's failure to timely disclose favorable evidence. He testified that he obtained the missing pages of the record on the second day of trial, the same day that he noticed they were missing. However, he also admitted that he was not aware of the facts concerning Ortiz's citation for disorderly conduct or the disposition of that citation. He also acknowledged that he did not ask for a continuance and that Ortiz was still available for recall when he received the missing pages from the State.

The trial court granted the motion for new trial. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's grant or denial of a motion for new trial for an abuse of discretion. *See State v. Mercier*, 164 S.W.3d 799, 812 (Tex. App.—Corpus Christi 2005, pet. ref'd).

> A judge may grant or deny a motion for new trial 'in the interest of justice,' but justice means in accordance with the law. A judge may not grant a new trial on mere sympathy, an inarticulate hunch, or simply because he believes the defendant received a raw deal or is innocent.

*State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013) (citing *State v. Herndon,* 215 S.W.3d 901, 907 (Tex. Crim. App. 2007)). Thus, a trial court does not abuse its discretion if the defendant: "(1) sets forth a specific and valid legal ground for relief in their motion, (2) points to evidence in the record (or sets forth evidence) that substantiates the same legal claim, and (3) shows prejudice under the harmless-error standards of the Rules of Appellate Procedure." *Zalman*, 400 S.W.3d at 591.

> A defendant must show the following requirements to establish a *Brady* violation: (1) the State suppressed evidence; (2) the suppressed evidence is favorable to the defendant; and (3) the suppressed evidence is material. Favorable evidence for these purposes is any evidence that, if disclosed and used effectively, may make the difference between conviction and acquittal. Evidence is material for *Brady* purposes only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is one that is sufficient to undermine confidence in the outcome.

> The materiality prong incorporates a requirement that the defendant is prejudiced by the State's failure to disclose the evidence. When information is disclosed mid-trial, the prejudice inquiry involves determining whether the disclosure came in time to make effective use of it at trial. If the defendant received the material in time to use it effectively at trial, his conviction should not be reversed just because it was not disclosed as early as it might have and should have been.

3

*Fears v. State*, 479 S.W.3d 315, 327 (Tex. App.—Corpus Christi 2015, pet. ref'd) (internal citations omitted). Although we defer to the underlying factual findings made by the trial court in its decision, we review de novo the materiality prong of a *Brady* claim. *See Ex Parte Weinstein*, 421 S.W.3d 656, 664 n.17 (Tex. Crim. App. 2014).

### III. DISCUSSION

On appeal, the State argues that the trial court erred by granting Carranza's motion for new trial without valid legal grounds. We agree with the State.

The only legal basis Carranza raised in his motion for new trial was the alleged *Brady* violation. The State admits to the first prong and acknowledges that the missing pages to the report should have been disclosed to Carranza earlier. *See id.* However, even assuming, *arguendo*, that the second prong was met and the missing pages were favorable, the State argues that Carranza failed to establish that the missing pages of the report were material. "When *Brady* evidence is disclosed during the trial, we inquire whether the defendant was able to effectively use the material despite the delay." *Id.* at 328. In the present case, Ortiz was available for recall; however, Carranza did not explain why he did not take the opportunity to recall and cross-examine Ortiz again. *See id.* (holding that the defendant did not demonstrate the third prong of his *Brady* claim when the witness against whom the evidence in question might have been used was still available for recall but the defendant did not recall the witness). Furthermore, Carranza did not request a continuance after learning about the missing pages, which either "waives the error or at least indicates that the delay in receiving the evidence was not truly prejudicial." *Apolinar v. State*, 106 S.W.3d 407, 421 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 155 S.W.3d 184 (Tex. Crim. App. 2005); *see Perez v. State*, 414 S.W.3d

4

784, 790 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (finding that the defendant waived its *Brady* complaint because he did not request a continuance once the evidence in question was disclosed by the State); *Young v. State*, 183 S.W.3d 699, 706 (Tex. App.—Tyler 2005, pet. ref'd) (same)*; Williams v. State*, 995 S.W.2d 754, 762 (Tex. App.—San Antonio 1999, no pet.) (same).

On appeal, Carranza largely argues that we should defer to the trial court's decision to grant a new trial. However, while we defer to the trial court's factual findings, we review de novo whether Carranza established the materiality prong of his *Brady* claim. *See Ex Parte Weinstein*, 421 S.W.3d at 664 n.17. Carranza vaguely claims that he could have conducted a "more thorough investigation" if the evidence had been disclosed sooner. However, as discussed above, this argument is betrayed by Carranza's actions at trial; after receiving the evidence in question, Carranza did not request a continuance or recall Ortiz for cross-examination. This strongly suggests that the evidence was not truly prejudicial. *See Apolinar*, 106 S.W.3d at 421. Furthermore, in a similar case, the Houston Fourteenth Court of Appeals held that it was entirely speculative to suppose that offense reports in which the victim had been charged with crimes of violence could have led to the discovery of additional witnesses favorable to the defense and that such speculation did not establish *Brady* materiality. *See Allen v. State*, 473 S.W.3d 426, 457 (Tex. App.—Houston [14th Dist.] 2015), *pet. dism'd, improvidently granted*, 517 S.W.3d 111 (Tex. Crim. App. 2017).

We conclude that Carranza failed to demonstrate that he was prejudiced by the late disclosure of Ortiz's criminal record. *See Fears*, 479 S.W.3d at 327. Thus, Carranza was unable to establish the materiality prong of his *Brady* claim, and the trial court abused

its discretion in granting Carranza's motion for new trial.  *See Zalman*, 400 S.W.3d at 593.

We sustain the State's sole issue.

## IV. CONCLUSION

We REVERSE the trial court's order and REMAND for further proceedings.


NORA L. LONGORIA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of November, 2017.