# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00724-CR

**Lee Ray Medina, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
NO. D-15-0411-SB, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Lee Ray Medina guilty of felony driving while intoxicated. Medina pled true to a prior felony conviction, enhancing his punishment range to a second-degree felony. The jury assessed Medina's punishment at 14 years' imprisonment. In two points of error, Medina contends that the trial court erred in overruling his challenge to a prospective juror for cause and that the court abused its discretion in denying his motion for new trial. We will affirm the trial court's judgment of conviction.

## DISCUSSION

**Challenge for Cause**

In his first point of error, Medina contends that the trial court erred in overruling his challenge to a prospective juror for cause.

The trial court, prosecutor, and defense counsel questioned Venire Person 15 outside the presence of the other prospective jurors. After the exchange, defense counsel moved to strike Venire Person 15 for cause, and the trial court denied her request. Later, defense counsel made the following statements:

> I had moved for—to strike for cause [Venire Person 15], who had come up . . . . I had moved to strike her for cause due to her stating that she didn't feel she could be fair and impartial because of a childhood incident that had happened where she had been hit by a drunk driver.
>
> That was denied by the Court. I ended up having to use a peremptory strike on [Venire Person 15], and I therefore would ask the Court if we could have an additional peremptory strike.

The court denied defense counsel's request for an additional peremptory strike.

Assuming, without deciding, that the trial court erred in denying Medina's request to strike Venire Person 15 for cause, we must still decide whether this error harmed Medina. The Court of Criminal Appeals has articulated the following requirements for showing harm in this situation:

> To establish harm for an erroneous denial of a challenge for cause, the defendant must show on the record that: (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury.

*Daniel v. State*, 485 S.W.3d 24, 33 (Tex. Crim. App. 2016); *accord Nava v. State*, 415 S.W.3d 289, 305 (Tex. Crim. App. 2013); *Astran v. State*, No. 03-07-00301-CR, 2008 WL 1753551, at *4 (Tex. App.—Austin Apr. 16, 2008, no pet.) (mem. op., not designated for publication).

2

The record before us does not demonstrate that Medina satisfied the fifth requirement. Although he used a peremptory strike on Venire Person 15 and requested an additional peremptory strike, Medina has not identified a specific objectionable venire person who sat on the jury. *See Nava*, 415 S.W.3d at 305 (noting that, to show harm, defendant must have requested "an additional peremptory strike to use upon a specifically identified objectionable prospective juror, who, because the extra strike was denied, actually sits on the jury"). Accordingly, we hold that Medina has not shown that he was harmed by any error the trial court may have committed in denying his request to strike Venire Person 15 for cause. We overrule Medina's first point of error.

**Motion for New Trial**

In his second point of error, Medina complains of the trial court's denial of his motion for new trial. "We review a trial judge's ruling on a motion for new trial under an abuse of discretion standard." *Briggs v. State*, 560 S.W.3d 176, 183–84 (Tex. Crim. App. 2018).

In his motion for new trial, Medina asserts that "[t]he verdict in this cause is contrary to the law and the evidence." The motion then states, "In support of defendant's motion, the following facts outside the record are hereby alleged . . . ." In the paragraph that follows, Medina alleges that a witness for the defense arrived at the courthouse on the day of the punishment phase of trial and was led to a conference room by a man who was "presumably . . . employed by the Court or the District Attorney's Office." Medina further alleges that the witness remained in the room until she "was told that the trial was over." An affidavit signed by the witness is attached to the motion.

The trial court held a hearing on the motion for new trial, at which the witness testified concerning her alleged encounter at the courthouse. The court then called a recess, and the

3

hearing resumed at a later date. Before the second hearing, the State filed a document arguing that Medina's motion for new trial raised only an evidentiary sufficiency challenge and objecting to "the Court considering any legal argument not raised in Defendant's original motion for new trial."

After concluding the second hearing, the court took the matter under advisement. The court later signed an order denying Medina's motion for new trial and granting the State's objection to Medina raising legal arguments not presented in his motion for new trial. In its order, the court made the following findings:

> The only legal basis for new trial raised in Defendant's motion was that "the verdict is contrary to the law and evidence."
>
> . . . .
>
> The legal basis for new trial set forth in Defendant's pleadings was not supported by the evidence submitted during the hearing of this matter . . . .
>
> The evidence submitted on behalf of the defendant—and the argument of defense counsel—appeared to support a basis or ground that was not set forth in Defendant's pleadings . . . .

On appeal, Medina argues that the trial court abused its discretion in denying his motion for new trial because his witness should have been allowed to testify during the punishment phase of trial. However, we agree with the trial court's finding that the only legal basis for new trial raised in Medina's motion was that "[t]he verdict in this cause is contrary to the law and the evidence." This assertion that the verdict is contrary to the law and the evidence raises only an evidentiary sufficiency challenge—it does not raise any legal claim related to his witness's failure to testify. *See State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013).

4

This case is similar to *Riordan v. State*, No. 03-16-00297-CR, 2017 WL 3378889, at \*9 (Tex. App.—Austin Aug. 4, 2017, no pet.) (mem. op., not designated for publication). In *Riordan*, the defendant "asserted in his motion for new trial that the verdict was 'contrary to the law and the evidence' and asked the trial court to exercise its discretion and grant a new trial 'in the interest of justice.'" *Id.* The motion for new trial included a "factual summary describ[ing] potential testimony of a presumably absent witness," and the defendant attached an affidavit to his motion sworn to by the potential witness. *Id.* at \*8 & n.13. The trial court denied the motion for new trial. *Id.* at \*8. On appeal, we explained, "The Court of Criminal Appeals has repeatedly held that '[a]n essential element of [a motion for new trial] is that the matter of error relied upon for a new trial must be specifically set forth therein.'" *Id.* at \*9 (quoting *Zalman*, 400 S.W.3d at 594). We went on to conclude that "appellant's timely filed motion raised the legal claim that the evidence was insufficient to support the guilty verdict, but not any other claim." *Id.* We pointed out that "there are several grounds on which the absence of a witness at trial can form the basis for granting a new trial" and that "[a]ppellant did not articulate the legal claim for relief in his motion that might find support in the alleged facts or the attached affidavit." *Id.* Finally, we also concluded that, although the defendant raised a "claim of newly discovered evidence" in a brief filed in support of his motion for new trial, the trial court could not consider that claim over the State's objection. *See id.* at \*10. Accordingly, we overruled the defendant's point of error. *Id.* at \*11.

Similarly, although Medina summarized facts related to the witness's failure to appear in his motion for new trial and attached an affidavit, his motion did not articulate a legal claim related to those facts. Therefore, his motion for new trial raised only an evidentiary sufficiency challenge—a claim not supported by his alleged newly discovered evidence. For these reasons, we

5

cannot conclude that the trial court abused its discretion in denying Medina's motion for new trial, and we overrule his second point of error.

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed:   April 17, 2019

Do Not Publish

6