

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00262-CR

Joe Anthony **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 17-03-0189-CRA
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 15, 2019

AFFIRMED

Perez contends the trial court abused its discretion by failing to hold a hearing on his motion for new trial because he raised matters not determinable from the record that would entitle him to a new trial. *See Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). We disagree.

### FACTUAL AND PROCEDURAL BACKGROUND

Perez was found guilty by an Atascosa County jury of one count of aggravated assault with a deadly weapon and one count of aggravated assault with a deadly weapon – family violence. On March 29, 2018, the trial court assessed punishment at ten years' and thirty-five years'

confinement, respectively, in the Institutional Division of the Texas Department of Criminal Justice. On April 4, 2018, trial counsel filed a notice of appeal and a motion to withdraw as counsel. On the same day, the trial court granted the motion to withdraw and appointed appellate counsel for Perez.

On April 23, 2018, retained appellate counsel filed a notice of appearance of counsel. On May 7, 2018, retained appellate counsel filed a motion for new trial. No hearing was held before the trial court.

**MOTIONS FOR NEW TRIAL**

**A.    Arguments of the Parties**

Perez contends the trial court abused its discretion in refusing to grant an evidentiary hearing on his motion for new trial. The State counters the motion was untimely and the record does not support it was ever presented to the trial court.

**B.    Filing and Presentation of Motions for New Trial**

Texas Rule of Appellate Procedure 21.4 governs the time to file a motion for new trial.

> The defendant may file a motion for new trial before, but not later than 30 days after, the date when the trial court imposes or suspends sentence in open court.

TEX. R. APP. P. 21.4(a); *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013). "Such a motion is a prerequisite for the trial court to grant a new trial; the court may not do so on its own motion." *Zalman*, 400 S.W.3d at 593 (citing *State v. Aguilera*, 165 S.W.3d 695, 699 (Tex. Crim. App. 2005)).

**C.    Analysis**

On March 29, 2018, the trial court imposed the sentence. On May 7, 2018—thirty-seven days after sentencing—Perez's appointed counsel filed a motion for new trial asserting his trial counsel's complete indifference to a hostile community, failure to seek a venue transfer, and poor

preparation and trial decisions. The basis for the motion for a new trial, even newly discovered evidence, has no impact on the appellate timetable. *Licon v. State*, 99 S.W.3d 918, 926 (Tex. App.—El Paso 2003, no pet.)

Pursuant to Rule 21.4, Perez's motion for new trial was due not later than April 30, 2018. Because Perez's motion for new trial "was filed outside the thirty-day window prescribed by Rule 21.4 of the Texas Rules of Appellate Procedure, the motion was untimely and the trial court lacked jurisdiction to consider it." *Perez v. State*, 261 S.W.3d 760, 771 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *see also Griffith v. State*, 507 S.W.3d 720, 727 (Tex. Crim. App. 2016) (Alcala, J., dissenting) (acknowledging strict deadlines to consider motion for new trial claims before trial court lost jurisdiction).

Accordingly, we conclude the trial court did not err in refusing to set the untimely motion for new trial for hearing. Perez's sole issue on appeal is overruled and the trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH