Charles Anthony CUEVA, II, Appellant,

v.

The STATE of Texas.

No. PD–0713–11.

Court of Criminal Appeals of Texas.

Dec. 14, 2011.

---

Josh Schaffer and Brian W. Wice, Houston, for Appellant.

Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, Lisa C. McMinn, State's Atty., Austin, for State.

ALCALA, J., filed a concurring opinion in which PRICE and COCHRAN, JJ., joined.

I concur with our Court's decision to deny the motion for rehearing filed by the appellant, Charles Anthony Cueva, II. I write separately to address appellant's argument that our refusal of his petition for discretionary review is inconsistent with our decision in *Pena v. State,* 353 S.W.3d 797 (Tex.Crim.App.2011) (not yet reported). I conclude that *Pena* is procedurally distinguishable from this case, and, therefore, not a basis to rehear this petition.

Appellant timely filed a written motion for new trial within 30 days after the trial court imposed sentenced on him for two counts of aggravated sexual assault and one count of indecency with a child. *See* Tex.R.App. P. 21.4(a) (motion for new trial must be filed within 30 days of imposition of sentence). In his motion, appellant claimed, among other grounds, that he had been denied effective assistance of counsel at both the guilt and punishment stages of his trial, and he specifically described those purported instances of ineffectiveness. At the hearing concerning the motion, which occurred over 30 days after he was sentenced, appellant presented new and different instances of ineffectiveness than those mentioned in the written motion. The State objected to consideration of the new grounds. Overruling the objection, the trial court permitted evidence to be introduced on the new grounds of ineffective assistance and denied appellant's motion for new trial.

The Corpus Christi court of appeals determined that the trial court erred by allowing evidence to be introduced on the new grounds of ineffective assistance because the new grounds were not timely presented in the written motion for new trial, were not an amendment that occurred within 30 days of the imposition of sentence, and were not, in light of the State's objection, a permissible amendment to the motion. *Cueva v. State,* 339 S.W.3d 839, 858 (Tex.App.-Corpus Christi 2011). Because the new grounds of ineffectiveness presented for the first time at the motion for new trial hearing were improper, the appellate court refused to consider the evidence and determined the issues on appeal as if that evidence had never been presented. This refusal is the basis of appellant's petition for discretionary review and motion for rehearing of his petition.

Appellant's petition for discretionary review contends that all the allegations presented at the hearing on the motion for new trial were in his original motion for new trial and that they supplemented the original motion for new trial, rather than amended it by adding new claims. He asserts that his motion for new trial raised a global challenge to the ineffective assistance of counsel at the guilt or innocence and punishment phases of trial and this included all subsidiary instances of ineffective assistance. In his motion for new trial, appellant states, "Defendant is entitled to a new trial because he was denied the effective assistance of counsel at the guilt-innocence stage. Counsel performed deficiently in the following respects...." The motion then lists specific instances of ineffectiveness, stating the attorney failed to investigate appellant's background, to

suppress appellant's statement, object to the outcry notice, to file various motions in limine, to move for a mistrial, and to object to the jury charge, in addition to other grounds. In contrast, as noted by the court of appeals, appellant raised new grounds of ineffective assistance at the motion for new trial hearing. Among these new allegations of deficient performance, motion counsel alleged at the hearing that appellant's trial counsel was ineffective by failing to object to a variety of improper arguments by the prosecution and by failing to object to improper testimony from several witnesses.

The court of appeals correctly concluded that the new ineffective-assistance allegations and evidence related to those allegations could not have been properly considered by the trial court in rendering its ruling on the motion and that the new evidence should not be examined in its analysis of the issues on appeal. *See Cueva*, 339 S.W.3d at 879. I conclude the court of appeals correctly interpreted the law by determining that the trial court lacked jurisdiction to hear new arguments and evidence outside those in the motion for new trial because the new matters were not raised within 30 days of the date sentence was imposed and were not a permissible amendment to the motion for new trial in light of the State's objection. *Compare Drew v. State*, 743 S.W.2d 207, 223 (Tex.Crim.App.1987) (trial court has no jurisdiction to consider motions for new trial filed after 30–day deadline) with *Clarke v. State*, 270 S.W.3d 573, 581 (Tex. Crim.App.2008) (trial court may consider merits of untimely amendment to motion for new trial if State does not object); *see also* Tex.R.App. P. 21.4(b) (amendments to motion for new trial can be made within 30–days of imposition of sentence without leave of court).

Appellant contends, however, that our recent decision in *Pena v. State* merits a rehearing of his case. 353 S.W.3d 797. In his motion, appellant states that because we held the appellant preserved error in *Pena*, we should also find the error preserved in his case, as both cases involved new grounds and arguments made at a motion for new trial hearing. 353 S.W.3d at 797–809. Our *Pena* opinion is silent on the matter of whether the State objected at the motion for new trial hearing on the basis that new grounds or evidence were being presented that were outside the scope of those presented in the motion for new trial. *See Pena*, 353 S.W.3d 797. As we have noted in *Clarke*, in the absence of an objection, untimely amendments to a motion for new trial are permitted. *See Clarke*, 270 S.W.3d at 580. But *Clarke* does not permit the amendment here because the State objected to appellant's untimely amendment of his motion for a new trial. *Id.* Our decision in *Pena*, therefore, is not a substantial intervening circumstance that would justify a rehearing of appellant's case. *See* Tex.R.App. P. 79.2(c) (motion for rehearing may be grounded only on substantial intervening circumstances or on other significant circumstances which are specified in motion); *Oldham v. State*, 977 S.W.2d 354, 377 (Tex. Crim.App.1998) (intervening circumstances must have substantial and controlling effect). For this reason, I concur with our Court's denial of appellant's motion for rehearing.