

# NUMBER 13-11-00115-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS, Appellant,

v.

DANIEL ZALMAN, Appellee.

### On appeal from the County Court
### of Wharton County, Texas.

# DISSENTING MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Dissenting Memorandum Opinion by Justice Perkes**

I respectfully dissent from the majority's opinion because despite the State's proper objection, Zalman was afforded a new trial on the basis of grounds that were presented in an untimely amendment to his motion for new trial and, as such, the trial court lacked authority to grant Zalman a new trial when his timely-filed motion was

insufficient to support the trial court's decision to grant a new trial. *See State v. Moore*, 225 S.W.3d 556, 569–70 (Tex. Crim. App. 2007) (noting that absent an objection from the State, a trial court may rule on an untimely amendment to a timely-filed motion for new trial); *see also Clarke v. State*, 270 S.W.3d 573, 581 (Tex. Crim. App. 2008) (holding the trial court may consider the merits of an untimely amendment to a motion for new trial if the State does not object); *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987) (explaining that a trial court has no jurisdiction to consider an original motion for new trial filed after the thirty-day deadline). The majority's opinion contradicts this Court's precedent in *Cueva v. State*, 339 S.W.3d 839, 858–59 (Tex. App.—Corpus Christi 2011, pet ref'd), wherein this Court correctly refused to consider new, untimely grounds of ineffective assistance of counsel presented for the first time at a motion for new trial hearing and "determined the issues on appeal as if that evidence had never been presented." *See Cueva v. State*, 354 S.W.3d 820, 821 (Tex. Crim. App. 2011) (JJ. Alcala, Price, and Cochran concurring in Court of Criminal Appeals's denial of motion for rehearing on petition for discretionary review) (explaining how this Court correctly concluded the trial court could not have properly considered new, untimely ineffective-assistance allegations and supporting evidence, over the State's objection, in ruling on a motion for new trial).

Texas Rule of Appellate Procedure 21.4 provides, in relevant part, the following procedure for filing and amending a motion for new trial filed in a criminal case:

> (a) *To file.* The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.

> (b) *To amend.* Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any

2

preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.

TEX. R. APP. P. 21.4(a)-(b). In addition, a defendant may not amend or enlarge his original motion with additional claims after the thirty-day period has expired, except when the State fails to object to the addition at the time those claims are raised. *Cueva*, 339 S.W.3d at 859 (citing *Clarke*, 270 S.W.3d at 580–81; *Moore,* 225 S.W.3d at 570; *Jordan v. State,* 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (en banc) (setting out that the purpose of the hearing is for a defendant to fully develop the issues raised in this motion for new trial)). Thus, rule 21.4(b) permits the State, after properly objecting, to insist that the trial court rule only upon the timely motion for new trial as originally filed or timely amended, but not as untimely amended. *Id.* (citing TEX. R. APP. P. 21.4(b); *Moore*, 225 S.W.3d at 570).

In *Cueva*, the defendant filed a timely motion for new trial based on ineffective assistance of trial counsel and set forth in his original motion specific alleged instances of ineffective assistance. 354 S.W.3d at 821–22. At the hearing on his motion for new trial, which occurred after the thirty-day deadline to amend expired, motion counsel raised new grounds of ineffective assistance and presented evidence related to the new allegations. *Id.* at 822. "Among these new allegations of deficient performance, motion counsel alleged at the hearing that . . . trial counsel was ineffective by failing to object to a variety of improper arguments by the prosecution and by failing to object to improper testimony from several witnesses." *Id.* Though the defendant's untimely arguments pertained to matters evidenced in the trial record, this Court held that because the State objected to the untimely amendment, neither the trial court nor this Court could consider

3

the new allegations and supporting evidence and that the trial court erred by doing so. *Cueva*, 339 S.W.3d at 879.

In this case, Zalman untimely amended his motion for new trial by filing his memorandum after the thirty-day time frame expired. The record reflects that the visiting judge invited Zalman to file his "Memorandum of Law in Support of Court Granting Defendant's Motion for New Trial," at an ex parte hearing; that no one told the State the memorandum was requested or invited the State to respond prior to the motion for new trial hearing; and that as a result, the State received notice of Zalman's new arguments less than twenty-four hours before the hearing.

As in *Cueva*, there were significant differences between the claims Zalman raised in his timely-filed motion for new trial and the claims Zalman argued at the hearing. While Zalman's original motion was conclusory and included unsupported requests for a new trial "in the interests of justice" and because the jury's verdict was "contrary to the law and evidence," at the hearing he presented new, detailed evidentiary grounds for relief based on pre-trial proceedings. As in *Cueva*, these differences are significant even though the untimely claims were rooted in the trial record. It was error for the trial court to consider the untimely allegations and the evidence Zalman offered in support of them. *See id.*; *see also State v. Cannon*, No. 05-09-00530-CR, 2010 WL 936698, at *2–3 (Tex. App.—Dallas March 17, 2010, pet. ref'd) (holding trial court could not grant motion for new trial, over State's objection, based on untimely ground raised at hearing when original timely-filed motion for new trial raised only one ground: the verdict was contrary to the law and the evidence). Excluding the untimely arguments and evidence Zalman presented, his original timely-filed motion for new trial, taken alone, was insufficient to support the

4

trial court's decision to grant a new trial. *See State v. Hart*, 342 S.W.3d 659, 677 (Tex. App.—Houston [1st Dist. 2011, pet. ref'd) (citing *Herndon v. State*, 215 S.W.3d 901, 907–08 (Tex. Crim. App. 2007) and holding that a motion for new trial could not be granted "in the interest of justice" in the absence of an independent legal basis for granting a motion for new trial); *see also Cannon*, 2010 WL 936698, at *2–3.

For these reasons, this Court should reverse the trial court's order granting new trial, reinstate the judgment of conviction, and order it to proceed as if it had not granted a new trial. *See Zaragosa v State*, 588 S.W.2d 322, 327 (Tex. Crim. App. [Panel Op.] 1978).

_____

Gregory T. Perkes<br>
Justice

Do not publish.    TEX. R. APP. P. 47.2(b).

Delivered and filed the<br>
31st day of August, 2012.

5