COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



THE STATE OF TEXAS,  § 

§      No. 08-14-00248-CR

Appellant, § 

§      Appeal from the

v. § 

§      346th Judicial District Court

§ 

DANIEL CEDILLOS,                   of El Paso County, Texas

§ 

Appellee.      (TC# 20130D02144)

§ 

## O P I N I O N

A grand jury indicted Daniel Cedillos with aggravated assault by using or exhibiting a deadly weapon (Count I), and assault family violence by strangulation (Count II). A jury found Appellee guilty of Count I and not guilty of Count II. The trial court sentenced Cedillos to five years' confinement without a fine.

On June 12, 2014, Appellee filed his motion for new trial, alleging that the "verdict in this cause is contrary to the law and evidence," that he received "ineffective communication and advice from counsel," and that the trial court had "the discretion to grant a new trial in the interests [sic] of justice." The trial court held two hearings on the motion for new trial and took the matter under advisement. On July 28, 2014, the trial court granted the motion. The State now appeals.

**FACTUAL SUMMARY**

This appeal arises out of a domestic violence dispute that occurred on November 11, 2012, in which Cedillos assaulted and threatened his wife, Angelita, with a gun.

Roland Monteros was appointed to represent Cedillos at both his guilt-innocence and punishment trials. On May 9, 2014, prior to voir dire, Cedillos filed his application for probation of sentence and elected to have the trial court assess his punishment. A jury trial was held in May of 2014, and after deliberation, the jury found Cedillos guilty of aggravated assault with a deadly weapon and not guilty of assault family violence by strangulation.

The trial court heard the punishment phase on May 16, 2014. At the conclusion of the trial, the trial court asked Monteros about whether or not it was permitted to place Cedillos on deferred adjudication and advised both the State and Cedillos that it did not think it could. Monteros then replied: "It's fairly well settled that a judge--a jury cannot recommend deferred in a jury trial, but a judge can always recommend deferred as the sentencing authority." The State disagreed. The State argued that after a trial, deferred adjudication was no longer possible, and only probation was available because of the type of offense. Monteros responded: "I don't think there's anything in the code, Judge, that says that you cannot grant deferred--." The trial court disagreed and gave counsel additional time to conduct research at the law library. He did not have anything additional to present to the trial court after his research and the parties reconvened. Following closing arguments, the trial court sentenced Cedillos to five years' imprisonment.

On June 12, 2014, Cedillos filed his motion for new trial, asserting that the verdict was contrary to the law and evidence, that he received ineffective communication and advice from counsel, and that the trial court had the discretion to grant a new trial in the interest of justice. At the first hearing, held on June 27, 2014, Cedillos insisted that his motion was based on

ineffective assistance of counsel. He referenced both the discussion between Monteros and the trial court on deferred adjudication at the punishment hearing and his advice to Cedillos to elect to have the trial court assess his punishment rather than a jury. Apparently, Monteros was surprised and shocked to learn he had made the wrong election for punishment. Cedillos insisted he was harmed by receiving a sentence of imprisonment instead of not having the opportunity to argue for probation. Because of counsel's mistaken understanding of the law, he advised Cedillos to waive his right to have a jury assess his punishment, which, Cedillos argued, constituted ineffective assistance of counsel. He also argued that counsel's advice was ineffective when he erroneously informed him that the trial court could grant him probation on an offense with a deadly weapon. Cedillos clarified that he was asking the trial court for reversal of the entire trial, not just the punishment phase, based on cumulative error. The State's response was that no legal grounds existed to justify a new trial at the guilt-innocence phase. The State contended that counsel's advice to have the judge, rather than the jury, assess punishment might have been a strategy because a judge in this instance may have been more lenient than a jury. The trial court took the matter under advisement and stated:

> I will tell you that I'm very concerned about the issue of ineffective assistance of counsel. I'm also will [sic] very concerned about what occurred throughout the trial. And I'm hearing it not only from other individuals that may have walked in and heard the case, but my own staff.
>
> If I make a decision on this, I'm not going to make a decision that there was another judge. I'm only going to make a decision on the punishment phase issue. And that's as it goes to and it's related to in the interest of justice.

At the second hearing held on July 2, 2014, the State opened by noting that if the case were tried again only on punishment, the punishment would range from 2 to 20 years in prison, up to 10 years' probation, and a fine of $10,000. The State explained that Cedillos would not be capped at the five-year sentence he originally received and then offered Cedillos a sentence of

3

two years' imprisonment. He declined the offer.

At this hearing, Cedillos filed a memorandum of law outlining his arguments and insisted that he was unable to locate counsel because he had apparently left the jurisdiction and similarly, he could not obtain an affidavit from him.[1] The State then objected to any untimely amendments to the motion for new trial. According to the State, Cedillos was arguing matters not included in his original motion. The trial court overruled the State's objection.

Cedillos continued to complain about counsel's decision to elect the trial court to assess his punishment; his failure to present records for his defense; and his inadequate discussion of his case with him. The State again objected to the untimely amendment as Cedillos attempted to reference conversations he had with other individuals about his trial. The State elaborated that Cedillos was now making arguments not based on the evidence, but the trial court recalled discussing such matters in chambers and in court and overruled the objection.

When Cedillos tried to discuss confidential matters that occurred with counsel in an attempt to prove his ineffective assistance, the State objected on the ground that he should have brought counsel to court to testify. The State argued that the trial court could not make a determination that Monteros was ineffective based on a silent record without an affidavit or having heard testimony from him. The State also noted that the trial court could grant a new trial as to punishment only.

Cedillos countered that a new trial as to punishment only would place him in the same position of having the trial court assess his punishment, unless the parties agreed otherwise. Specifically, he argued:

> Rule 21.9 of Texas Rules of Appellate Procedure, Subsection (c), Judge:
> 'Granting a new trial on punishment restores the case to a position after the

---

[1] This memorandum of law is not included in the record before us.

4

defendant was found guilty. And unless there is an agreement among all the parties, the punishment in a new trial shall be assessed in accordance with the defendant's original election.'

And that's the problem in this case, Judge. That's why we are asking for a complete new trial, because that is essentially where the error lies, in the fact that he did not want a judge punishment for the simple reason that he can't get probation.

Whether the jury would have given him probation or not is immaterial. He should have had the chance to at least ask for it, and that was taken away from him. So that's what we have to keep in mind when we decide how much of a trial we are going to do, Judge. We have that rule to consider, and that would be the extent.

The trial court took the matter under advisement and on July 28, 2014, entered its order granting the motion for new trial as to the guilt-innocence phase. Now, the State contends in two issues with multiple sub-parts that the trial court abused its discretion.

## MOTION FOR NEW TRIAL

Before we can review the merits of Cedillos' ineffective assistance claims, we first must determine whether he properly preserved this issue for our review. TEX.R.APP.P. 33.1(a). Although both the State and Cedillos treat jurisdiction as a minor sub-point in their respective briefs, the "issue of jurisdiction is fundamental and cannot be ignored." *State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892 (Tex.Crim.App. 2002). We review questions of jurisdiction *de novo*, and may consider jurisdictional issues at any point, including *sua sponte*. *Id.* "Jurisdiction cannot be 'inherent;' it is conferred by constitution or by statute." *State v. Patrick*, 86 S.W.3d 592, 596 (Tex.Crim.App. 2002).

The Court of Criminal Appeals has repeatedly held that:

An essential element of [a motion for new trial] is that the matter of error relied upon for a new trial must be specifically set forth therein. The wisdom of that rule lies in the fact that reasonable notice should be given not only to the trial

5

court but the State, as well, as to the misconduct relied upon and to prevent a purely fishing expedition on the part of the accused. [Citations omitted].

*Harvey v. State*, 201 S.W.2d 42, 45 (Tex.Crim.App. 1947); *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex.Crim.App. 1993). The purpose of this requirement is to allow the court sufficient notice to prepare for the hearing and make informed rulings as well as to allow the State to have enough information to prepare a rebuttal. *See also Trout v. State*, 702 S.W.2d 618 620 (Tex.Crim.App. 1985)(holding that the ground must be mentioned in the motion; it is not sufficient to merely supply supporting affidavits).

Rule 21 of the Texas Rules of Appellate Procedure governs motions for new trial. *State v. Zalman*, 400 S.W.3d 590, 593 (Tex.Crim.App. 2013). The defendant's motion must be filed "no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX.R.APP.P. 21.4(a). The motion is a prerequisite for the trial court to grant a new trial; the court may not do so on its own motion. *State v. Aguilera*, 165 S.W.3d 695, 699 (Tex.Crim.App. 2005). The accused is required to allege sufficient grounds to apprise the trial court and the State as to why he believes he is entitled to a new trial. *Zalman*, 400 S.W.3d at 594 (explaining that the motion must contain enough detail to give the other party notice of what is being complained of so that it can properly prepare for the hearing); *Gonzalez*, 855 S.W.2d at 694-95.

A defendant may amend his motion without leave any time within the thirty-day limit so long as the trial court has not already ruled on the motion. TEX.R.APP.P. 21.4(b). The Court of Criminal Appeals has interpreted this statute as barring amendments outside of the thirty-day time limit, even with leave of court, so long as the State properly objects. *State v. Moore*, 225 S.W.3d 556, 570 (Tex.Crim.App. 2007). A trial court may not order a new trial on a ground for relief not alleged in the motion for new trial, even if such unalleged ground is supported by the

evidence. *State v. Provost*, 205 S.W.3d 561, 565-66 (Tex.App.--Houston [14th Dist.] 2006)(allegation of insufficient evidence will not support new trial on ground of ineffective counsel). Evidence presented to the trial court in support of an untimely amendment should not be considered part of the record on appeal. *Licon v. State*, 99 S.W.3d 918, 926 (Tex.App.--El Paso 2003, no pet.). Should the trial court refuse to limit its ruling to the original motion and grant relief on the basis of the amendment over the State's objection, the appellate court should consider only the validity of the original and any timely amended motion for new trial, and should reverse any ruling granting a new trial based upon matters raised for the first time in an untimely amendment. *Moore*, 225 S.W.3d at 570.

In *Cueva v. State*, 339 S.W.3d 839 (Tex.App.--Corpus Christi 2011, pet. ref'd), the defendant filed a motion for new trial claiming ineffective assistance of counsel in his criminal trial. He specified three deficiencies in his motion, but there were "significant differences" between those claims and the ones he later argued at the new-trial hearing. *Id.* at 858. The State properly objected to the late-added arguments. *Shamim v. State*, 443 S.W.3d 316, 326 (Tex.App.--Houston [1st Dis.] 2014, pet. ref'd). The appellate court relied on Rule 21 and held that the trial court was not permitted to consider the untimely arguments or evidence presented at the new-trial hearing in support of those arguments. *Cueva*, 339 S.W.3d at 858-59. A concurring opinion issued when the Court of Criminal Appeals denied rehearing on the petition for discretionary review expressly approved of the appellate court's analysis:

> The court of appeals correctly concluded that the new ineffective-assistance allegations and evidence related to those allegations could not have been properly considered by the trial court in rending its ruling on the motion and that the new evidence should not be examined in its analysis of the issues on appeal. I conclude the court of appeals correctly interpreted the law . . . because the new matters were not raised within 30 days of the date sentence was imposed and were not a permissible amendment to the motion for new trial in light of the State's objection. [Citations omitted].

7

*Cueva v. State*, 354 S.W.3d 820, 822 (Tex.Crim.App. 2011)(Alcala, J., concurring in denial of motion for rehearing of Court's refusal of petition for discretional review, joined by Price and Cochran, JJ.), *citing* TEX.R.APP.P. 21.4(b).

Similarly, in *Zalman*, the defendant presented an argument at the new-trial hearing that was not alleged in his timely-filed motion. 400 S.W.3d at 592. The 30-day period for an amendment expired, but the defendant still filed a "memorandum of law" arguing a new basis for the trial court to grant a new trial. *Id.* The State objected to the untimely argument, but the trial court still granted a new trial on that basis. *Id.* The Court of Criminal Appeals reversed, holding that Rule 21 requires that the grant of new trial be consistent with the argument contained in the timely-filed motion and related evidence. *Id.* at 594-95 (explaining that, to hold otherwise, "would defeat the notice requirements of the motion."). Accordingly, the trial court was not allowed to consider the arguments contained in the late-filed "memorandum of law" or asserted at the new-trial hearing on the motion. *Id.*

In *Shamim v. State*, the court of appeals considered the defendant's three allegations of ineffective assistance of counsel. First, Shamim alleged he received ineffective assistance because his counsel failed to conduct an adequate factual investigation in preparation for his trial. 443 S.W.3d at 321. In his second issue, he asserted that his counsel was ineffective because he failed to keep him reasonably informed of the status of his case or adequately prepare him for trial. *Id.* at 323. For his third and final issue, Shamim argued that his trial counsel provided him ineffective assistance by failing to recognize that a real conflict of interest existed in representing both Shamim and his father. *Id.* at 325. The appellate court acknowledged that Shamim raised this argument at his new-trial hearing for the first time and noted that he failed to include it in the original, written motion for new trial. *Id.* The State in this instance had no prior

notice of this contention and objected to the conflict-of-interest claim at the new-trial hearing on the grounds that it constituted an untimely amendment. *Shamin*, 443 S.W.3d at 326. The *Shamim* court concluded that this conflict-of-interest argument could not support the grant of a new trial. *Id.* at 326-27. It reasoned that for the trial court to properly consider a new argument in support of granting a new trial, either the argument must be included in a timely-filed motion or amendment or the State must acquiesce to the untimely addition. *Id.* at 328; TEX.R.APP.P. 21.4; *Zalman*, 400 S.W.3d at 594-95; *Cueva*, 339 S.W.3d at 858-59; *see also Cueva*, 354 S.W.3d at 822 (Alcala, J., concurring). The court ultimately held that because Shamim failed to include his conflict-of-interest claim in his original motion and because the State objected when he raised it at the new-trial hearing, Rule 21 prohibited him from obtaining a new trial based on a late-added argument to which the State timely objected. *Shamim*, 443 S.W.3d at 328.

We agree with this line of reasoning and find it dispositive here. Therefore, we need not address the merits of the parties' ineffective assistance of counsel arguments contained within the State's two issues. Here, Cedillos' original motion for new trial contained the conclusive allegation that he received "ineffective communication and advice from counsel," and nothing more. At the new-trial hearing, he delved into several instances of counsel's conduct, including: how he improperly advised Cedillos to waive his right to have a jury assess his punishment as well as his possibility of receiving probation in this case; his failure to present records for his defense; and his inadequate discussion of his case with him. The State properly objected on the basis that all of these arguments constituted untimely amendments. The trial court overruled the State's objections. After reviewing the original motion for new trial, we must conclude his claims alleged at the new-trial hearing could not support the granting of a new trial. Because the new-trial arguments constituted untimely amendments, the trial court was without jurisdiction to

9

grant a new trial on those grounds. Accordingly, we sustain the State's jurisdictional objection, vacate the trial court's grant of a new trial, and reinstate the conviction.


May 6, 2016                                    ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)