**Opinion issued March 19, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00828-CR

_____

**VERONICA ERIN STALEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1510615**

---

**MEMORANDUM OPINION**

Veronica Staley pleaded guilty to murder. She pleaded true to an enhancement paragraph, and, after a hearing, the trial court sentenced her to life imprisonment. She filed a motion for new trial in August 2018, which was denied without a hearing on September 21, 2018.

On appeal, she contends that the trial court abused its discretion by denying her motion for new trial without a hearing and that her trial counsel was ineffective for failing to request a continuance. We disagree and affirm.

**Background**

Veronica Staley shot and killed her ex-boyfriend in a parking lot. The evidence at the presentence investigation ("PSI") hearing established that she bought the handgun used for the shooting about three weeks before the incident. Security video from the parking lot showed Staley waiting in her car until the victim approached her, chasing him with the gun as he ran, shooting him, and beating him with the gun.

Staley pleaded guilty. At the PSI hearing, Dr. Michael Fuller testified for Staley that it was his opinion she had been psychotic at the time of the shooting. Before Staley pleaded guilty, Dr. Fuller had examined her on at least two separate occasions to determine whether she met the elements of an insanity defense. TEX. PENAL CODE § 8.01. It was his opinion that she did not. On July 13, 2018, Dr. Fuller informed trial counsel by telephone that he had met with Staley again and she provided him with new information in that visit that convinced him that she did have a viable insanity defense. He followed up with a letter to counsel reiterating his changed opinion.

2

Trial counsel visited Staley three times before the sentencing hearing to discuss the change in the doctor's opinion and the possibility of withdrawing her guilty plea. Each time, Staley expressed her desire to go forward with her guilty plea and the sentencing hearing.

Before the hearing began, trial counsel asked Staley again to affirm on the record that she had been informed of Dr. Fuller's change in opinion, that counsel had visited her multiple times to discuss withdrawing her plea, and that she still wished to plead guilty and proceed with the sentencing hearing. Staley stated that she had been so informed and wished to continue. After the hearing, the court sentenced Staley to life imprisonment.

Staley filed a motion for new trial alleging that Dr. Fuller's change of opinion was newly discovered evidence. She attached an affidavit to the motion from her trial counsel. The trial court denied her motion without a hearing.

On appeal, Staley argues that the trial court abused its discretion in denying her motion for new trial without a hearing because it alleged matters not determinable from the record, specifically ineffective assistance of counsel. She also alleges that her trial counsel was ineffective for failing to request a continuance for the sentencing hearing once he learned of Dr. Fuller's changed opinion.

**Denial of Motion for New Trial**

On appeal, Staley argues that the trial court abused its discretion in denying her motion for new trial without a hearing because it alleged matters not determinable from the record, specifically ineffective assistance of counsel.

**A.     Standard of Review**

We review a trial court's decision to deny a hearing on a motion for a new trial, as well as the decision to deny the motion itself under an abuse of discretion standard. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009). The purpose of a hearing on a motion for a new trial is to allow the defendant to develop the issue raised in the motion. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). A defendant does not have an absolute right to a hearing on a motion for a new trial. *Hobbs*, 298 S.W.3d at 200. To be entitled to a hearing on a motion for new trial, the movant must raise one or more matters not determinable from the record and establish the existence of reasonable grounds showing that she could be entitled to relief. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). Even if a matter is not determinable from the record, a hearing is not required unless the defendant "establishes the existence of 'reasonable grounds' showing that the defendant 'could be entitled to relief.'" *Id.* (quoting *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)).

**B. Analysis**

Staley filed a motion for new trial alleging newly discovered evidence. The trial court denied the motion without a hearing. On appeal, she argues that the trial court erred in denying her motion based on ineffective assistance.

**1. Ineffective Assistance of Counsel**

We first address whether Staley preserved her argument that the trial court abused its discretion by denying her motion for new trial based on ineffective assistance. TEX. R. APP. P. 33.1.

Rule 21 of the appellate rules concerns motions for new trial in criminal cases. TEX. R. APP. P. 21. The rule states that a defendant may file a motion for new trial within 30 days of the date that the trial court imposes or suspends the defendant's sentence. *Id.* 21.4(a). The motion must state the grounds on which the defendant seeks a new trial. *Id.* 21.3 (listing grounds for granting new trial); *State v. Zalman*, 400 S.W.3d 590, 593–94 (Tex. Crim. App. 2013). "The purpose of this requirement is to allow the court enough notice to prepare for the hearing and make informed rulings and to allow the State enough information to prepare a rebutting argument." *Zalman*, 400 S.W.3d at 594. The motion must contain "enough detail to give the other party notice of what is being complained of so that it can properly prepare for the hearing." *Id.*

A defendant has the right to amend her motion within that same 30-day period, without leave of court, as long as the trial court has not ruled on the pending motion. TEX. R. APP. P. 21.4(b). Once the 30-day period expires, a defendant may not amend or enlarge his original motion to include additional claims, unless the State fails to make a timely objection to the amendment. *See Clarke v. State*, 270 S.W.3d 573, 580–81 (Tex. Crim. App. 2008).

Staley filed her motion for new trial within the 30-day period permitted and did not file an amendment to that motion. In the motion, she did not assert that she was entitled to a new trial based on ineffectiveness of her trial counsel. The sole grounds listed in the motion were newly discovered evidence that showed her plea was not voluntary. Specifically, she argued that Dr. Fuller's change of opinion was newly discovered evidence impacting the voluntariness of her plea.

Staley was required to make the trial court and the State aware of her complaint before raising it on appeal. *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005); TEX. R. APP. P. 33.1. "The trial court cannot be said to have erred in denying a motion for new trial on a basis that was not presented to it." *Keeter*, 175 S.W.3d at 760. The motion for new trial does not identify the standard for ineffective assistance and does not assert that her counsel was ineffective. We hold that the motion for new trial failed to set forth a claim of ineffective assistance, and thus failed to give the State notice that she was asserting that claim.

6

*Id.*; *see also Zalman*, 400 S.W.3d at 594. ("[W]e have repeatedly held that . . . the matter of error relied upon for a motion for new trial must be specifically set forth therein." (internal quotations and citations omitted)). We conclude that Staley failed to preserve any ineffective assistance claim as grounds for granting her motion for new trial. *See* TEX. R. APP. P. 33.1(a).

### 2. Newly Discovered Evidence

To the extent Staley argues that the trial court abused its discretion in denying her motion for new trial based on newly discovered evidence, we disagree.

Motions for new trial based upon newly discovered evidence are controlled by Article 40.001 of the Code of Criminal Procedure, which provides, "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." TEX. CODE CRIM. PROC. art. 40.001. In order to obtain relief, the defendant must establish the following:

(1) The newly discovered evidence was unknown or unavailable to the defendant at the time of trial;

(2) The defendant's failure to discovered or obtain the new evidence was not due to the defendant's lack of due diligence;

(3) The new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and

(4) The new evidence is probably true and will probably bring about a different result in a new trial.

*State v. Arizmendi*, 519 S.W.3d 143, 149 (Tex. Crim. App. 2017); *see also Keeter*, 74 S.W.3d at 36–37.

The record reflects that the alleged new evidence was both known and available to Staley at the time of trial. Staley knew of the change of Dr. Fuller's opinion before the sentencing hearing. After Staley pleaded guilty, but before the trial court held the sentencing hearing, trial counsel informed Staley that Dr. Fuller had changed his opinion about her sanity at the time of the murder. Before the sentencing hearing began, trial counsel affirmed on the record that Staley knew about the change in Dr. Fuller's opinion:

| | |
|---|---|
| Trial counsel: | You recall that, I believe it was approximately July 17, Mr. Lopez and I came to visit you in jail? |
| Staley: | Yes. |
| Trial counsel: | And we explained to you that Dr. Fuller, our expert in this case whom you had seen on two previous occasions, had informed me Friday, July 13th that he thought that perhaps you had a viable insanity defense. Do you remember that? |
| Staley: | Yes. |
| Trial counsel: | And Armando and I explained to you the pros and cons of pursuing an insanity defense in this case. |
| Staley: | Yes. |

8

Trial counsel:     And I believe about six days later I came over and talked to you some more about that by myself. And, in fact, we talked about it yesterday afternoon as well.

Staley:     Yes.

Trial counsel:     And it's my understanding that, although we explained to you that we could take steps to withdraw your plea of guilty change to it (sic) a plea of not guilty by reason of insanity, that you wish to proceed forward today on your plea of guilty.

Staley:     Yes.

Trial counsel:     And you did not want us to take steps to pursue an insanity defense?

Staley:     Yes.

On the record before the hearing, trial counsel affirmed his efforts to discuss options with Staley after he spoke with Dr. Fuller, and on the record, Staley affirmed that she wanted to continue with her plea and sentencing.

Trial counsel's affidavit, the only affidavit attached to the motion for new trial, also recounts his repeated visits to Staley to discuss a potential withdrawal of her plea. Both the record and the affidavit establish that Staley knew of the change in Dr. Fuller's opinion and its potential implications on her plea, yet she chose to continue with the sentencing hearing.

The matter Staley raised in her motion for new trial—the voluntariness of her plea—was determinable from the record, and she did not otherwise establish

9

the existence of reasonable grounds entitling her to relief. *See Smith*, 286 S.W.3d at 339. We hold that the trial court did not abuse its discretion by denying Staley's motion for new trial without a hearing.

**Ineffective Assistance of Counsel**

In her second issue, Staley claims that her trial counsel rendered ineffective assistance by not seeking a continuance from the sentencing hearing once Dr. Fuller changed his opinion.

**A.    Standard of Review**

To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 446 U.S. 668, 687, 692 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697.

The first prong of the *Strickland* test requires us to decide whether Staley has demonstrated that counsel's performance was unreasonable under the prevailing professional norms and that the challenged action was not sound trial strategy. *Id.* at 688. An appellant must show that counsel made such serious errors that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. We presume defense counsel provided reasonable professional assistance, and the defendant must present proof to overcome this

presumption. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A reviewing court begins with a "strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Appellate courts will not speculate about counsel's trial strategy; an appellant may, however, rebut the presumption of effectiveness by providing a record from which the court can determine that trial counsel's performance was not based on sound strategy.[*] *See Jackson*, 877 S.W.2d at 771–72.

Staley complains that her trial counsel was ineffective for failing to request a continuance once he learned that Dr. Fuller changed his opinion. She argues that this amounts to ineffective assistance because her counsel did not attempt to assess the new opinion. To show deficient performance under the first prong of *Strickland*, an appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Claims of ineffective assistance of counsel must be firmly rooted in the record and the record must affirmatively demonstrate the meritorious nature of the claim. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Staley did not include her ineffectiveness claim in her motion for new trial, and therefore although trial counsel's affidavit was attached to her motion for new trial based on other

---

[*] The record in this appeal includes Staley's motion for new trial and an attached affidavit from trial counsel.

grounds, trial counsel was not given the opportunity to explain the strategy he pursued. A record such as this, one that is silent about trial counsel's reasons for his actions. is insufficient to overcome the presumption that counsel's actions were the product of reasonable professional judgment. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

Moreover, trial counsel's affidavit accompanying Staley's motion for new trial based on newly discovered evidence shows that his performance was not insufficient. The affidavit includes that counsel spoke to Staley three times between the time Dr. Fuller notified him of his change of opinion and the sentencing hearing. Each time they discussed the possibility of changing Staley's plea, and each time Staley wished to go forward with her guilty plea and the scheduled sentencing. On the day of the sentencing hearing, trial counsel again asked Staley if she was aware that Dr. Fuller had changed his opinion and she may be able to pursue an insanity defense. She affirmed on the record that she was aware of the change of opinion and that she wished to continue without changing her plea. In his affidavit, trial counsel added that he visited Staley after sentencing and she seemed to misunderstand the effect of her decision to persist in her guilty plea. Specifically, counsel stated that Staley told him she thought that the insanity defense would be presented to the court for consideration during the punishment

12

hearing, and that she would have instructed her counsel to change her plea to not guilty by reason of insanity had she understood that was not the case.

From our review of the record, we find nothing to suggest trial counsel's failure to request a continuance was unreasonable or fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687–88. To the contrary, the record reflects that trial counsel diligently consulted with Staley multiple times in an effort to ensure her understanding of the decision to proceed on her guilty plea in light of Dr. Fuller's changed opinion. Each time trial counsel explained that she possibly could withdraw her guilty plea and proceed on an insanity defense, and each time, including immediately before the sentencing hearing, Staley expressed her desire to continue with her guilty plea and sentencing. We find no merit in Staley's claim of ineffective assistance. We overrule Staley's second issue.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Keyes, Lloyd, and Kelly.

Do not publish. TEX. R. APP. P. 47.2(b).

13