**AFFIRMED and Opinion Filed May 5, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-01024-CR**

**JESSICA JEWEL CORIN BENTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F-1641572-X**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Partida-Kipness

A jury convicted appellant Jessica Jewel Corin Benton of continuous sexual abuse of a child younger than 14 years of age and sentenced Benton to 60 years' confinement. *See* TEX. PENAL CODE ANN. § 21.02. By statute, Benton is ineligible for parole. *See* TEX. GOV'T CODE ANN. § 508.145(a). In three issues, Benton contends: (1) section 21.02 violates the Eighth Amendment prohibition on cruel and unusual punishment; (2) the trial court erred by including a definition of "reasonable doubt" in the jury charge; and (3) the trial court lacked jurisdiction to hear the case because it was not properly transferred to the court's docket. We affirm the trial court's judgment.

# BACKGROUND

Benton was a teacher's aide at the elementary school that complainant K.C. attended. While K.C. was in fifth grade, Benton began inviting K.C. and his younger brother to stay at her house. With their mother's consent, the children did so. Over the course of three months, K.C. stayed with Benton several times, during which Benton engaged in sexual intercourse with K.C. more than ten times.

Benton's roommate's daughter witnessed one such encounter and informed her mother the next day. The mother reported it to the school counselor who interviewed the daughter and reported the outcry to police. Police interviewed K.C. and obtained a warrant for Benton's arrest based on information obtained from K.C.

Benton was arrested, waived her rights, and admitted to the sexual relationship. A subsequent forensic sexual assault examination of Benton produced sperm-cell DNA evidence that did not rule out K.C. as the contributor of the specimen.

A grand jury indicted Benton for continuous sexual assault of a child younger than 14 years of age. *See* TEX. PENAL CODE ANN. § 21.02 (requiring two or more acts of sexual abuse over 30 or more days). Benton was tried, and on August 23, 2018, a jury convicted and sentenced her to 60 years' confinement. Benton is not eligible for parole. *See* TEX. GOV'T CODE ANN. § 508.145 (denying parole for convictions under section 21.02).

Benton filed a timely motion for new trial on September 24, 2018, claiming that section 508.145 "violates equal protection" under article 1, sections 3 and 13, of the Texas Constitution. According to Benton's motion, the statute has no rational basis to deny parole to someone who commits continuous sexual assault over 30 days but allows parole to someone who does so over only 29 days. At the hearing on Benton's motion, held on November 2, 2018, and November 6, 2018, Benton clarified that her motion should have referred only to article 1, section 13, of the Texas Constitution and offered her equal-protection argument. Benton then added two new arguments: the statute violated (1) her "fundamental liberty interest in parole" and (2) the Eighth Amendment prohibition on cruel and unusual punishment. On November 5, 2018, the State filed a written objection that Benton's motion did not include her two new arguments made at the hearing. The trial court denied Benton's motion, and this appeal followed.

## ANALYSIS

### A.    Eighth Amendment

In her first issue, Benton contends that section 21.02 violates the Eighth Amendment prohibition on cruel and unusual punishment. According to Benton, the statute "violates the proportionality principle applicable to noncapital cases enunciated in *Graham v. Florida*, 560 U.S. 61, 67 (2010)." The State contends that Benton has forfeited this issue because it was not included in her motion for new trial.

"Even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived." *Davis v. State*, 323 S.W.3d 190, 196 (Tex. App.—Dallas 2008, pet. ref'd); *see also Toledo-Argueta v. State*, No. 05-18-00387-CR, 2019 WL 3072176, at *3 (Tex. App.—Dallas July 15, 2019, no pet.) (mem. op., not designated for publication). To preserve error for appellate review, the record must show that appellant made a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1).

A defendant must file a motion for new trial "no later than thirty days after the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a). "The motion can be amended at any time during that thirty-day period, but the trial court is barred from considering a ground raised outside the thirty-day period if the State properly objects." *State v. Arizmendi*, 519 S.W.3d 143, 150 (Tex. Crim. App. 2017); TEX. R. APP. P. 21.4(b).

"'[A]n essential element of [a motion for new trial] is that the matter of error relied upon for a new trial must be specifically set forth therein.'" *State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013) (quoting *Harvey v. State*, 201 S.W.2d 42, 45 (1947)). This requirement is designed to give the court sufficient "notice to prepare for the hearing and make informed rulings and to allow the State enough information to prepare a rebutting argument." *Id*. "[I]t is error for the trial court to rule on an untimely amendment over a proper objection." *Id*. at 595 (holding the trial court abused its discretion in granting a new trial based on defendant's argument

at hearing that evidence was improperly admitted when defendant's motion contested only the sufficiency of the admitted evidence).

To the extent that Benton's additional issues offered at the hearing, which included the Eighth Amendment argument she makes on appeal, constitute amendments to her motion, they were untimely, and the trial court could not consider them. *See Zalman*, 400 S.W.3d at 595; TEX. R. APP. P. 21.4(b). Consequently, Benton did not preserve error on these issues. *See State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007) (restricting appellate review to "the validity of the original and any timely amended motion for new trial"); *Shamim v. State*, 443 S.W.3d 316, 328 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Pinales v. State*, No. 05-01-00765-CR, 2002 WL 77256, at *6 (Tex. App.—Dallas Jan. 22, 2002, no pet.) (not designated for publication) (holding an issue presented in an untimely amendment to a motion for new trial was a "nullity" that would not be addressed on appeal).

Even if Benton's challenge was not waived, this Court and many of our sister courts have rejected her Eighth Amendment argument. *See Barroquin-Tabares v. State*, No. 05-15-00794-CR, 2016 WL 3144160, at *3 (Tex. App.—Dallas May 31, 2016, no pet.) (mem. op., not designated for publication) ("We agree that the categorical ban on the availability of parole for a person convicted of continuous sexual abuse of a young child does not violate the Eighth Amendment."); *Smith v. State*, No. 05-16-01318-CR, 2018 WL 3424388, at *6 (Tex. App.—Dallas July 16,

2018) (mem. op., not designated for publication) ("[A]ppellant argues his sentence and the no parole provision in his sentence violate his constitutional protection against cruel and unusual punishment. This argument has previously been considered and rejected.") (citing *Barroquin-Tabares* and *Glover v. State*, 406 S.W.3d 343, 347–50 (Tex. App.—Amarillo 2013, pet. ref'd)); *DeLeon v. State*, No. 03-13-00202-CR, 2015 WL 3454101, at *9 (Tex. App.—Austin May 29, 2015, pet. ref'd) (mem. op., not designated for publication). Accordingly, we overrule Benton's first issue.

### B. Reasonable Doubt Instruction

In her second issue, Benton contends that the trial court committed structural error by providing the jury with a definition of "reasonable doubt." We disagree.

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.* If error did occur, whether it was preserved determines the degree of harm required for reversal. *Id.*

"A 'structural error' is not subject to a harmless-error test." *Mendez v. State*, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004). Structural errors exist in "only in a very limited class of cases," including "erroneous reasonable-doubt instruction to jury." *Johnson v. United States*, 520 U.S. 461, 468 (1997) (citing *Sullivan v. Louisiana*, 508 U.S. 275 (1993)).

The record reflects that the trial court instructed the jury that "[a]ll persons are presumed innocent, and no person may be convicted of an offense unless each element of the offense is proven beyond a reasonable doubt." The instructions continued:

> The prosecution has the burden of proving the defendant guilty and it must do so by proving each element as charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. However, it is not required that the prosecution prove guilt beyond all possible doubt; it is only required that the prosecution's proof exclude all reasonable doubt concerning the defendant's guilt.

Benton contends that the last sentence constitutes a definition of "reasonable doubt," which the Texas Court of Criminal Appeals has forbidden trial courts from providing.

We and other courts have held that this instruction "'simply states the legally correct proposition that the prosecution's burden is to establish appellant's guilt beyond a reasonable doubt and not all possible doubt.'" *Wilson v. State*, No. 05-18-00801-CR, 2019 WL 3491931, at *3 (Tex. App.—Dallas Aug. 1, 2019, no pet.) (mem. op., not designated for publication) (collecting cases and quoting *O'Canas v. State*, 140 S.W.3d 695, 702 (Tex. App.—Dallas 2003, pet. ref'd)). The language at issue merely instructs the jury that it is the State's burden to prove the elements of the crime for which Benton was charged beyond a reasonable doubt. We conclude the instruction did not constitute jury charge error, and we overrule Benton's second issue.

## C. Jurisdictional Challenge

In her third issue, Benton contends that the trial court lacked jurisdiction because the case was originally presented for indictment in a different trial court, and there were no written orders transferring the case to the court that tried the case and rendered judgment. We disagree.

When a defendant fails to file a plea to the jurisdiction, she waives any right to complain that a transfer order does not appear in the record. *See Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas, 1987, no writ.); *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd). Benton did not file a plea to the jurisdiction in this case.

Further, even if Benton had preserved her complaint for our review, this Court has considered and rejected this argument on numerous occasions, and we do so again today. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd) (cases returned by a grand jury are not necessarily assigned to the court that impaneled the grand jury); *Wilson*, 2019 WL 3491931 at *4 (collecting cases).

Moreover, the record reflects that the indictment was presented to a grand jury in the same court in which judgment of conviction was entered: Criminal District Court No. 6. Thus, Criminal District Court No. 6 had jurisdiction to hear Benton's case and render judgment. We overrule Benton's third issue.

## CONCLUSION

Having overruled all of Benton's issues, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181024F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JESSICA JEWEL CORIN BENTON, Appellant

No. 05-18-01024-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F-1641572-X. Opinion delivered by Justice Partida-Kipness. Justices Bridges and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of May, 2020.